## KEOKUK COUNTY v. HOWARD ET AL.

1. **Evidence:** PRESUMPTION: OFFICIAL BOND. Where, in an action upon the bond of a county treasurer, the referee did not find the specific fact that the defendant had served as treasurer, although he found him liable upon the bond, it will be presumed that the evidence established his official character.

2. ———: EXECUTION OF BOND: PLEADING. The bond being set out in the petition and not denied upon oath, its execution will be regarded as admitted.

3. **Practice:** REFEREE: FACTS NOT MATERIAL. That a referee did not comply with a request to find upon facts not material, or not involved in the issues, will not justify a reversal.

4. ———: ———: COSTS. An examination by the referee, at the request of one of the parties, of accounts not in issue, will render the party making the request liable for the costs of such examination.

*Appeal from Keokuk District Court.*

MONDAY, DECEMBER 13.

ACTION upon an official bond executed by defendant, Howard, and his co-defendants as sureties, for the faithful discharge

of his duty as county treasurer. The cause was sent to a referee who was directed to hear the evidence and report the facts. Upon the coming in of his report judgment was rendered against defendants for $208.22. A large part of the costs of the reference were taxed, upon motion of defendant, against the plaintiff. Both parties appeal.

*Mackey & Donnell*, for plaintiff.

The sureties on the official bond of an officer are not liable for prior delinquencies of their principal. (West. Jurist, 1874, p. 678.) The findings by the referee should be definite or the report will be set aside for uncertainty. (*Doyle v. Reilly*, 18 Iowa, 108.) The apportionment of costs rests in the discretion of the court below and its action will not be disturbed unless an abuse of discretion is shown. (*Scott v. Cole*, 27 Iowa, 109; *Bush v. Yeoman*, 30 Id., 479.)

*Woodin & McJunkin*, for defendants.

A plea of confession and avoidance in one count does not change the burden in the others. (*Quigley v. Merrill*, 11 Iowa, 147.) When plaintiff declares upon contract he must rely upon his special case and cannot recover as upon common counts. (*Formholz v. Taylor*, 13 Iowa, 500; *Eyser v. Weissgerber*, 2 Id., 463.)

BECK, J.—The petition declares upon an official bond executed January 2d, 1872, for the term of office beginning at that date, and as a breach alleges defalcations occurring during that term. The answers of the defendants put in issue all the material allegations of the petition.

It appears that the principal defendant had filled the office of county treasurer, for two terms prior to the one for which his bond in suit was given.

When the referee took the cause the plaintiff's counsel required him to report, in case the treasurer was found in default, the following facts:

"1. The total amount of the defalcation.

"2. To what particular funds the same belongs.

"3. When said defalcations occurred.

"4. If at different times, the amount of the defalcation on each of the three bonds given by Howard.

"5. Were the settlements, made by Howard at the different times while he was in office, correct or not.

"6. In case of a defalcation at the end of the first or second term of office, where were the funds and of what did they consist, and where were they obtained in order to enable him to balance his account."

The attorneys of defendants claimed of the referee that his report should show the condition of the treasurer's account for his last term, "disconnected" from those of his other terms.

The referee's report shows that the defendant was in arrears at the end both of his first and second terms, and that there was a balance of $208.22, due from him to the county on account of a deficiency in his last term.

The defendants insist that the referee does not find as a fact that Howard ever served as treasurer, or that defendants ever executed the bond sued upon.

I. We think that the language of the report clearly indicates that Howard did act as treasurer, and, certain it is, the

1. EVIDENCE: presumption: official bond. referee could not have found defendant liable upon the bond, unless he had found that fact; we will, in order to support this finding, presume that Howard's official capacity was fully established before the referee.

II. The execution of the bond, not being denied upon oath, the instrument being set out in the petition, must be regarded

2. ——:execution of bond. as admitted in the pleadings. Code § 2730. The recitals of the bond establish that defendant was the county treasurer.

III. It is urged that the referee erroneously found that Howard was in arrears for the money received by him as treasurer. We have not the evidence in the case before us, and, therefore, cannot review the referee's finding of facts.

IV. It is lastly urged by defendants that the judgment draws interest from a date five days earlier than it should, thus

making a difference of *twenty cents* in the amount adjudged against defendants. We would not disturb a judgment because of error effecting such inconsiderable prejudice. *Lex non curat de minimis.*

V. The plaintiff insists that the referee did not find the facts which he was required to report by the submission. It is

3. PRACTICE: referee: facts not material.

sufficient to say that the facts he did find are sufficient to authorize a judgment against defendants. As to the correctness of these findings we cannot, as we have before remarked, inquire, for we have not the evidence before us. We cannot reverse the judgment because certain facts, which referee was requested to find, are not returned as conclusions in the report. They were either immaterial, being not involved in the issues, or were not ultimate facts. The referee, therefore, did not err in failing to respond to the request to report his findings thereon.

VI. It is next insisted by plaintiff's counsel that the judgment should have been for the different sums in which Howard was in arrears, at the end of each term of office filled by him. It is sufficient to say that the findings would not have authorized such a judgment thereon, for the petition claims to recover only for deficiencies in his accounts for the last term.

VII. But it is said the referee should have found the sums due at the end of each term, as the aggregate of the treasurer's defalcation. This position is based upon counsel's version of the evidence. Upon the facts of the case, as presented by the evidence, we have no information, as the testimony is not before us. We must presume in favor of the referee's findings.

VIII. The court taxed against plaintiff the costs of the referee, incurred in examining the accounts and transactions

4. ——: ——: costs.

of defendant, during his terms of office prior to the one for which the bond in suit was given. We think this is correct. The petition claims, on account of defalcation, to recover upon the last bond only. The referee, upon request of plaintiff's counsel, investigated the business of the prior terms; the finding was adverse to liability therefor. The costs of this investigation were not necessary in order to establish plaintiff's right to recover, as recognized by the referee

and the court below.   It is plain that defendants ought not to be taxed with them.

The foregoing discussion disposes of all the points made in the case.   The judgment is

AFFIRMED.