In the Matter of Estate of Frank E. Allen, Deceased,
NANCY ALLEN v. EMMA G. ALLEN, Executrix, Appel-
lant.

**Contract to Repay Advancement:** IMPLIED REQUEST FOR PAYMENT:
*Interest.* A son executed to his parents an instrument ac-
knowledging the receipt of a sum of money by way of advance-
ment, and promising that should the parents, or the survivor
of them, require it, he would pay them interest on such sum
at any rate required, not exceeding 6 per cent. At the son's
death, various credits had been indorsed on the back of the
instrument. These sums were voluntarily paid by the son,
and there was no showing that any request for the payment of
any specific sum or rate of interest had ever been made. *Held,*
that the parents acceptance of the sums paid was an implied
request for such sums, so that on the son's death the parents
were not entitled to interest at 6 per cent. from the date of
the agreement, but the sums paid were in full satisfaction
up to the date of the death.

DEMAND: *Condition precedent to suit.* The instrument not provid-
ing for the payment of a fixed sum, a demand was a condition
precedent to the right to sue the son's executor for the amount
the plaintiffs were entitled to claim after his death.

PRESENTING CLAIM TO EXECUTOR: *What are contingent liabilities*
Under Code, section 3343, providing that contingent liabilities
must be presented and proved, or the executor shall be under
no obligation to make any provision for satisfying them when
they accrue, the action of the court in establishing the parent's
claim as a continuing one was proper; the claim being for
interest accrued and accruing.

*Appeal from Emmet District Court.*—HON. W. B. QUAR-
TON, Judge.

WEDNESDAY, FEBRUARY 5, 1902.

THIS is a claim against an estate founded on a written
agreement, which is resisted on the ground that nothing is
due thereon. The case was tried to the court,—a jury

being waived,—and there was a judgment in plaintiff's favor, establishing her claim in the sum of $1,175.10 ; being 6 per cent. on the sum of $2,075 from the date of said contract less the payments indorsed thereon and an additional credit of $30 allowed by the court.     Defendant appeals— *Reversed.*

*Soper, Allen & Alexander* and *Carr & Parker* for appellant.

*Morling & Allen* for appellee.

WATERMAN, J.—Frank E. Allen died in Emmet county in the year 1899, leaving a will, by the terms of which his whole estate was devised to his wife, the defendant herein. She was also appointed sole executrix.   On July 20, 1899, plaintiff filed her claim against said estate as follows:
"July 11, 1899.  The Estate of F. E. Allen, Deceased, to Nancy Allen, Dr.: 1899, July 1.  Interest due of contract of F. E. Allen with J. C. and Nancy Allen (copy attached) to this date.  To accruing interest as stipulated in contract, $1,153.32."  (Duly verified by Nancy Allen.)
This claim was based upon the following instrument. executed by decedent to his parents:
"Estherville, Ia., Dec. 24, 1884.  I, F. E. Allen, hereby acknowledge having received from my parents, J. C. and Nancy Allen, the sum of two thousand and seventy-five dollars ($2,075) by way of an advancement, but subject to these conditions:  Should the said J. C. and Nancy Allen, or the survivor of them, call for or require the same, the undersigned shall pay to them, or the survivor of them, interest on said sum at any rate required, not exceeding six per cent. per annum; but at their death, and that of the survivor of them, this obligation shall be at an end and null and void.  [Signed] F. E. Allen."

Upon the back of this instrument the following credits were indorsed:

Interest.

| | | |
|---|---|---|
| Paid on the within | Oct. 25, '86 .......... | $15 00 |
| " " " " | Nov. 5, '87 .......... | 20 00 |
| " " " " | May 3, '88 .......... | 30 00 |
| " " " " | Mch. 25 .......... | 25 00 |
| " " " " | June 12, '89 .......... | 15 00 |
| " " " " | May 3, '90 .......... | 30 00 |
| " " " " | Sept. 23, '90 .......... | 35 00 |
| " " " " | Dec. 30, '90 .......... | 20 00 |
| " " " " | Feb. 26, '91 .......... | 30 00 |
| " " " " | May 29, '91 .......... | 40 00 |
| " " " " | Oct. 20, '91 .......... | 20 00 |
| " " " " | Jan. 1, '91 .......... | 10 00 |
| " " " " glass | " " " .......... | 4 00 |
| " " " " | June 16, '92 .......... | 40 00 |
| " " " " | Dec. 26, '92 .......... | 40 00 |
| " " " " | Aug. 24, '94 .......... | 40 00 |
| " " suit of clothes | Oct. '94 .......... | 30 00 |
| " " .........bill | Oct. '94 .......... | 5 00 |
| " check | Sept. 23 .......... | 40 00 |
| " | Mch. 28 .......... | 25 00 |
| " | May 5 .......... | 25 00 |
| " | June 6 .......... | 25 00 |
| " | July 28 .......... | 25 00 |
| " | Sept. 23 .......... | 35 00 |
| " | Apr. 2, '99 .......... | 30 00 |
| " | July 1, '99 .......... | 30 00 |

Defendant answered, denying there was anything due on the claim, setting up certain payments which had not been allowed as credits, and also claiming a credit for the proceeds of a policy of insurance which decedent had taken out on his life, in which his parents were named as beneficiaries, and the proceeds of which were paid to his mother, the plaintiff herein; his father, J. C. Allen, having died in

the month of February, 1895. Plaintiff, to make her case, offered in evidence the original claim, and rested. Defendant moved the court to enter judgment in her behalf on the ground, among others, that no demand prior to the bringing of the action had been shown, or prior to filing the claim, which amounted to the bringing of an action. This motion was overruled, defendant excepting. Evidence was then introduced, and a judgment rendered as stated.

The first question presented arises under the ruling on defendant's motion for judgment, and relates to the necessity for a demand on plaintiff's part before suit brought. In the case of an instrument providing for the payment of a fixed sum on demand, the bringing of an action is a sufficient demand. Randolph, Commercial Paper, section 1039; *Zimmerman v. Bank,* 56 Iowa, 133; *Ross v. Railroad Co.,* 6 Ind. 297; *Lent v. Padelford,* 10 Mass. 238 (6 Am. Dec. 119); *Allen v. Rightmere,* 20 Johns. 365 (11 Am. Dec. 288); *Hunt v. Divine,* 37 Ill. 137. This rule is founded upon the principle that an obligation payable on demand is due at once, and it is the duty of the debtor to hunt up the creditor and tender payment. As applied to the ordinary instrument, in which the amount of the debt is certain, there are good reasons for this, but such reasons do not obtain in the case at bar. Here the amount of the liability is uncertain. It was to be determined, within the set limit, by the creditor, and could be made certain only by a request or demand. Until the amount due was thus fixed surely no obligation rested upon the debtor to seek the creditor and proffer payment. We are of opinion that a demand was necessary upon plaintiff's part before she could maintain an action or proceed with a claim in probate.

II. We go now to the interpretation of the instrument. It is a familiar principle of law that, in the construction of

contracts, courts will consider the situation and relation of
the parties, and the object to be accomplished by the
transaction. *Shuler v. Dutton,* 75 Iowa, 155; *Field
v. Schricher,* 14 Iowa, 119.ʹ Looking to these matters
for light, we find the parties to this instrument were the
parents, on one part, and a son, on the other. An advance-
ment had been made to the son, but, to provide against fu-
ture contingencies, he was required, on the parents' demand,.
to satisfy their needs, within certain fixed limits. If no call
was made, nothing was to be paid, and all liability ceased
on the death of the survivor of the payees. Evidently the
provision was made for the purpose of supplying the parents'
wants as their necessities demanded, and there was no inten-
tion to increase. the estate of either of the payees by what
was received under this contract. It is claimed on behalf
of appellee that her son's acts and declarations show that.
he construed the agreement as she claimed it to be, viz, that
she had a right to demand 6 per cent. interest at any date
for all past time, giving credit for whatever had been paid.
While the construction given a written instrument by the
parties to it will not prevail against its plain terms (*Spencer
v. Millisack,* 42 Iowa, 31), yet it is of weight in construing
an ambiguous writing (*Daniels v. Decatur County,* 99 Iowa,
440; *Cole v. Edwards,* 93 Iowa, 477. We take up now the
particular matters upon which stress is laid, and first we
may say that decedent's parents for a considerable time
held his note for the sum of $1,500, on which he was paying
interest. The son, in remitting money, would often write as
to its application,—as, for instance, in one letter, sending
$60, he says: "$30 to go on my note; the rest, on account
of old obligation." The "old obligation" was admittedly
the instrument in suit. Again he remits, sending $100, and
says: "Put $50 of this on my note, thirty on old obligation,
and twenty keep as a present for yourself." It should be re-
membered the parents never expressly requested any of the

payments made. As a demand from them would have fixed their right to more than was paid, dating from the last credit, we do not think the language of these letters materially aids plaintiff. And the same may be said of a claimed admission of Frank E. Allen, made shortly before his death to a third party, that the interest was not all paid. Had a demand for the 6 per cent. been made, there was no time when something more than was given would not have been due, counting from the date of the next preceding payment. In our opinion, the parents had a right to demand, from time to time, such amounts as they required. While they made no express demand, their acceptance of the various sums offered, without objection, must be treated as an implied request, and this will cancel all liability up to the date of Frank E. Allen's death. This construction is sustained by the situation and relation of the parties, and their acts under the agreement. We cannot resist the conclusion that, if the son had lived, no such claim as this would ever have been made. If the payees had demanded 3 per cent. on the amount of the principal at intervals, and it should have been paid, it will hardly be contended that thereafter they could demand and recover an additional 3 per cent. for the same time. That, in effect, is precisely the situation as to the payments in fact made. The only distinction is that the demand or request is implied. The case of *Buckmaster v. Needham,* 22 Vt. 617, in its reasoning, lends some support to the conclusions announced.

III. Some questions are raised with relation to the evidence offered to establish credits, but, in view of our construction of the contract, it is unnecessary that we determine them.

IV. The trial court established the claim as a continuing one during the life of plaintiff, for interest yet to accrue. The claim, it will be noticed, is for interest accrued and accruing. This action of the court is authorized by section 3343 of the Code.

The motion filed by appellee to strike an amendment to the abstract and assignment of errors is not well taken.

For the reasons given, the judgment is REVERSED.