A. L. OBER, Appellee, v. JACOB SEEGMILLER et al., Appellants.

OTTO SOLBERG, Appellee, v. JACOB SEEGMILLER et al., Appellants.

**WILLS:**  Construction—Estate Created—Obligation of Devisee to
1  **Pay Another—Garnishment.**  A will imposing on a devisee an obligation to pay to his father so much of a stated sum as the father "may demand" or "may be pleased to demand" *each year* during the lifetime of the father, creates no debt, and consequently no opening for a garnishment, until the father makes· a demand; and, should no demand be made during any stated year, the right to make demand for such lapsed year is lost.

PRINCIPLE APPLIED:  See No. 2.

**GARNISHMENT:**  Persons Subject—Interest of Devisees—Condi-
2  tions Attending Creation of Debt.  If the bringing into existence of a debt depends upon the exercise of a condition *personal to the one to whom the debt would be due*, then no one can create the debt for such person without his consent, and thereby open the door to the garnishment ·of the debtor.

PRINCIPLE APPLIED:  A wife devised to her husband "so much of and such part of $1,000 each year during * * * his natural lifetime as he may be pleased to demand."

The provision for payment was that certain other named devisees should pay to the husband "so much of the sum of $1,000 as he (the husband) may demand, each year during the term of his natural life."

The will also provided that the devise to the husband "shall be clear and free from the rights and claim of his personal creditors of every kind and nature."

The husband elected to take under the will.  He never demanded any payments of the obligated devisees.  Creditors of the husband garnished said other devisees.

*Held* that, under the devise, the husband was the *only* person who could bring into existence a debt against the other devisees, and he must do that by making demand; and, as no demand had been made, no debt was created, and said other devisees were not liable as garnishees.

APPEAL AND ERROR: Parties—Garnishment Proceedings—When Judgment Defendant not Necessary Party. A judgment defendant is not a necessary party to an appeal by a garnishee if a reversal would *not* prejudicially affect such judgment defendant. (See Secs. 3951-3953, 4111, Code, 1897; Secs. 3947, 3948, Code Supp., 1913.)

   PRINCIPLE APPLIED: See No. 2.

APPEAL AND ERROR: Perfecting Appeal—Notice—Execution Defendant and Garnishees—Co-Parties. A defendant in execution and one garnished as his supposed debtor are not co-parties. Section 4111, Code, 1897.

*Appeal from Winneshiek District Court.*—W. J. SPRINGER, Judge.

THURSDAY, NOVEMBER 23, 1916.

REHEARING DENIED FRIDAY, JUNE 22, 1917.

THESE cases, while not submitted together, involve the same propositions of law and fact, and will be disposed of in one opinion. They are each garnishment proceedings, in which the parties named were garnished as supposed debtors of Jacob Seegmiller, on an execution issued on a judgment held by plaintiff against said Seegmiller. The trial court held the garnishees liable, and they appeal.— *Reversed and remanded.*

   *Boice & Hook,* for appellants.

   *E. W. Cutting,* for appellee.

DEEMER, J.—The garnishees are the sons of Jacob Seegmiller, the judgment defendant. Plaintiffs each held judgments against the father, and they caused the sons to be garnished on executions issued on

1. WILLS: construction: estate created: obligation of devisee to pay another: garnishment.

these judgments. This indebtedness to the father, if there be one, arises out of the will of their mother, from which we extract the following:

"To my beloved husband, Jacob Seegmiller, I give and bequeath so much of and such part of the sum of $1,000 each year during the period of his natural lifetime as he may be pleased to demand, said sum to be paid to him as is hereinafter provided; also the personal right to use and occupy my dwelling house, and the lots on which said house is located, the same being Lots 5 and 6 of Block 32, in the city of Decorah, Winneshiek County, Iowa, during the period of his natural lifetime; also the personal right to use all of my household furniture during the period of his natural lifetime. And I hereby expressly and specifically provide and declare that the gift in this paragraph made to my said husband shall be clear and free from the rights and claims of his personal creditors of every kind and nature."

This is followed by specific devises to the sons, upon the following conditions:

"This gift is subject to and dependent upon the performance by said William Seegmiller of the following acts and conditions, to wit: (a) The payment, within two years after the death of my said husband, should he survive me, to each of my daughters, Emma Frieker, and Lydia Koenig, the sum of $266.66; (b) the payment to my said husband, Jacob Seegmiller, each year, during the period of his natural lifetime, so much of the sum of one third of $1,000 as he may demand; (c) the furnishing, together with my two sons, Reuben and Aaron, to my said husband, at his home in Decorah, Iowa, so much fire wood, prepared for use, as he may wish to use; (d) the payment of one third of any and all debts that I may die owing that are secured by mortgages on any of the lands herein devised to this devisee or to my sons Reuben and Aaron Seegmiller; (e) The pay-

ment of all taxes and insurance charged or levied on the property included in this gift in this paragraph"—and certain others not necessary to be mentioned.

Also:

"This gift is subject to and dependent upon the performance by my said son, Reuben Seegmiller, of the followlowing acts and conditions, to wit: (a) The payment, with-. in two years after the death of my said husband, should he survive me, to each of my daughters, Emma Frieker and Lydia Koenig, the sum of $266.66; (b) the payment to my said husband, Jacob Seegmiller, so much of the sum of one third of $1,000 as he may demand, each year during the term of his natural life; (c) the furnishing, together with my two sons, William and Aaron, to my said husband, at his home, in Decorah, Iowa, so much fire wood, prepared for use, as he may wish to use; (d) the payment of one third of any of all debts that I may die owing that are secured by mortgages on any and all lands herein devised to this devisee and to my sons William and Aaron; (e) the payment of all taxes and insurance charged or levied on the property included in this gift in this paragraph *  *  * all of which are to be and remain liens on said land, and the said land is not to be sold during the lifetime of my said husband. Said Reuben Seegmiller is to use and occupy without other charge the lands in this paragraph described, so long as he performs the obligations herein laid upon him, and the legal title thereto is to vest in him in fee simple on the death of my said husband."

And also:

"This gift is subject to and dependent upon the performance of my said son, Aaron Seegmiller, of the following acts and conditions, to wit: (a) The payment, within two years after the death of my said husband, should he survive me, to each of my daughters, Emma Frieker and Lydia Koenig, the sum of $266.66; (b) the payment to my

said husband, Jacob Seegmiller, so much of the sum of one third of $1,000 as he may demand, each year during the term of his natural life; (c) to furnish, together with my two sons, William and Reuben, to my said husband, at his home in Decorah, Iowa, so much fire wood, prepared for use, as he may wish to use; (d) the payment of one third of any and all debts that I may die owing that are secured by mortgages on any of the lands herein devised to this devisee and to my sons William and Reuben; (e) the payment of all taxes and insurance charged or levied on the property included in this gift in this paragraph"—and certain other conditions.

The will also contained these provisions:

"Par. 10.—I hereby appoint my said husband, Jacob Seegmiller, trustee for the purpose of executing the following trust, and I clothe him with full discretionary powers, otherwise than as limited herein. I also authorize him to act as such trustee without being required to give bonds: (a) To make such division of my said dwelling house and the the lots on which it is located, among my five sons named herein as to him may seem right and proper—such division to take effect during his lifetime or at his death, at his discretion.

"Par. 11.—After the death of my said husband, my household goods then remaining are to be sold at auction and the proceeds equally divided among all of my seven children herein named."

The father elected to take under the will, and each of the sons went into the possession of the lands devised to them, and neither has ever paid anything to the father, because he has not demanded it.

2. GARNISHMENT: persons subject: interest of devisees: conditions attending creation of debt.

The question arises whether or not, under this record, the garnishees are so indebted to their father as that they should be held liable in garnishment proceedings. If so, it arises out of the provisions of the

will. It will be noticed that there is not an absolute bequest of $1,000 or any other fixed sum to Jacob Seegmiller. The provision is to pay so much of and such part of the sum of $1,000 each year during the period of his natural life as he may be pleased to demand. If he made no demand during the year, then clearly nothing was due him for that year. Whether anything would become due for future years depended (a) upon his survival, and (b) upon his demand. These were conditions precedent to the vesting of the gift. It is not a case of bequest of a certain sum upon demand of the donee, in which case the obligation would be fixed, but a bequest or devise of such a sum as he might demand during any one year, not exceeding $1,000. Again, the demand was clearly personal, and the demand not only fixed the time of payment, but the amount thereof; and, until there was a demand, there was no debt.

The latter part of the second paragraph of the will makes it clear that the gift or bequest was a conditional one, and that no one else but the beneficiary could make the demand or fix the amount of the bequest. The bequest was not of a fixed sum on demand, as in most of the cases cited in support of the court's ruling. In such cases, the bringing of an action is a sufficient demand, and the obligor in such cases may be garnished. Here, there was no promise to pay a fixed sum, but only such an amount up to a given sum as the donee or beneficiary under the will should be pleased to demand. In this respect, the case is quite like *Allen v. Allen*, 116 Iowa 697, where we said:

"Here the amount of the liability is uncertain. It was to be determined, within the set limit, by the creditor, and could be made certain only by a request or demand. Until the amount due was thus fixed, surely no obligation rested upon the debtor to seek the creditor and proffer payment. We are of opinion that a demand was necessary upon plain-

tiff's part before she could maintain an action or proceed with a claim in probate."

There, as here, if no demand was made, nothing was to be paid; and, as no demand was made by the father at any time, nothing was due which he could collect for the years which had passed, and nothing would be due in the future save as he might fix the amount and make demand for the same. This and other things were conditions precedent to the creation of any obligation on the part of the sons to whom the property was devised.

As a rule, one may be held as a garnishee from whom a recovery might have been had by the principal defendant, but this is not always the case. If the bequest is upon a condition personal to beneficiary, and he and he alone may perform that condition, then no one can create the obligation for him. The testatrix was under no obligation to so dispose of her property that creditors of one of the beneficiaries under the will might take the share of that beneficiary. It was pure gift, the terms of which might properly be controlled by the donor or devisor, and we know of no rule of law which forbids the making of such a bequest. To hold otherwise would make it impossible to sustain spendthrift trusts or other forms of gifts or bequests intended for the personal benefit of the donee or beneficiary. Somewhat akin to this case is *Hunter v. Citizens Savings & Trust Co.,* 157 Iowa 168. In that case, it is said:

"The creditors have neither legal, equitable nor moral rights to any greater interest or estate in the property than their debtors acquired under the will. It was the undoubted right of the mother, in making her will, to burden or limit the estate she was giving her children by such lawful conditions and limitations as to her should seem wise. She was under no obligation to provide for the payment of their debts or to protect their creditors, and, if the conditions or limitations imposed by her made the subject of

the devise less available or more difficult of subjection to the payment of their claims, it was within her right so to do, and affords them no just ground. of complaint."

See also *Meek v. Briggs,* 87 Iowa 610, 620, and *State Bank of Woolstock v. Schutt,* 174 Iowa 583.

In *Sebrell v. Couch,* 55 Ind. 122, a mortgage was given to secure the payment of a certain sum, which contained a provision that it was "to be paid by the mortgagor   *   *   * when called on by said mortgagee; and the mortgagor does not agree to pay the above sum to anyone else except said mortgagee." The court said:

"The fair construction of the mortgage, as we think, bound the mortgagor, Benjamin, to pay the money specified when he should be called upon for that purpose by the mortgagee; and, if not called upon by the mortgagee for that purpose, he was not bound to pay it at all. The condition on which he was to pay was that the mortgagee should call on him for payment, and, that condition not having been performed, he was not bound to pay at all. Any other interpretation of the mortgage would do violence to its terms, and frustrate the intention of the parties, as gathered from the language employed by them. There is no analogy between the case here and the case of a note payable on demand, generally, on which suit may be brought without any demand.   *   *   *   Here a demand was not only to be made, but was to be made by the mortgagee himself, implying, when taken in connection with what follows in the mortgage, that, if he did not choose to make it, the debt was not to be paid at all. It may well have been that the mortgagee never intended that the debt should be paid at all, unless he himself should have occasion or see proper to demand it, intending, if he should not demand it, that the consideration of the indebtedness should be retained by the mortgagor as a gift or gratuity; and, dying without having demanded the debt, the gift became com-

plete and perfect. This in no way contravenes the doctrine that, to constitute a valid gift, the thing must be delivered to the donee. It may be assumed that the consideration for the mortgage, whatever it may have been, was delivered to the mortgagor; * * * and this consideration is what constitutes the gift, the mortgagee not demanding payment in his lifetime, according to the terms of the mortgage."

See also, as further sustaining our conclusion, Underhill on Wills, Secs. 484, 486 and 509; also Sec. 529, which cites many decisions closely in point; *Robertson v. Schard,* 142 Iowa 500. We do not think the garnishees were indebted to their father in such a sense as that they may be garnished as his debtors.

It is said that the testimony was not properly made of record in the court below, and that the appeal should not be considered. The abstracts show that this testimony was made of record by the shorthand reporter, and that a translation of the notes was filed in due season. Defendant in judgment was notified of the garnishment proceedings below, but he did not file an answer or any other pleading, although an appearance was made for him. He did not except to the judgment rendered against the garnishees and he has not appealed.

The garnishees excepted, and they 3. APPEAL AND ERROR: parties: garnishment proceedings: when judgment defendant not necessary party. served notice of appeal upon plaintiff's attorneys, and also upon the clerk of the court below. No notice of appeal was served upon the defendant in execution. A motion has been made to dismiss the appeal because of failure to serve notice upon the original judgment defendant. He was not a coparty with the garnishees, and not a necessary party to the appeal, unless his interest may be affected thereby. He does not object to the judgment against the garnishees, and seems to be content therewith. Our statute, Code Sec. 3953, provides that an appeal in

garnishment cases may be taken by the plaintiff, the defendant, the garnishee, or an intervener claiming the money or property.    The defendant in execution and the garnishee are not coparties; so that Code Sec. 4111, which requires service on coparties where one alone appeals, does not apply.    And no notice of appeal need be given any party to an appeal except one who is interested in the result thereof. and whose rights may be affected thereby, save as the statute expressly requires such notice.    As original judgment defendant's interest cannot be prejudicially affected by this appeal, we do not think it necessary that he be served with notice thereof.

*4. Appeal and error: perfecting appeal: notice: execution defendant and garnishees: coparties.*

The garnishees are complaining of an order requiring them to pay a sum of money on a debt which they do not owe, and therefore have a right, under the statute, to appeal.   If they are successful on the appeal, the original judgment defendant's rights are not adversely affected. And if they lose, he suffers nothing, because he is not complaining of the original judgment.   As the rights of these garnishees on appeal may be determined without in any manner prejudicing the rights of the original judgment defendant, it was not necessary to give the court jurisdiction that notice be served on such judgment defendant.   *Wright v. Mahaffey,* 76 Iowa 96.   The motion to dismiss the appeal must be and it is overruled.   The judgments against the garnishees will, however, be reversed and the cause remanded for those in harmony with this opinion.—*Reversed and remanded.*

Weaver, Evans and Preston, JJ., concur.