MILTON DARLING, Appellant, v. ANNA DODGE et al., Appellees.

GARNISHMENT: Persons and Property Subject—Trustees and Trust Funds. A trustee cannot be made a garnishee by a creditor of the *cestui que trust* when, at the time of garnishment, the net income only of the trust is, under the terms of the trust, payable to the *cestui*, and then only on his optional demand, and when such net income was not only then undeterminable, but the *cestui* had not exercised his option to demand it.

Headnote 1:   28 C. J. p. 103.

*Appeal from Council Bluffs Municipal Court.*—JOHN L. BLANCHARD, Judge.

DECEMBER 15, 1925.

ACTION at law, aided by garnishment, to subject property in the hands of a trustee to the payment of a judgment in favor of the plaintiff and against the *cestui que trust.*—*Affirmed.*

*Walter S. Stillman,* for appellant.

*George S. Wright,* for Anna Dodge, appellee.

*Jackson & Tollinger* and *Tinley, Mitchell, Ross & Mitchell,* for Council Bluffs Savings Bank, appellee.

FAVILLE, C. J.—Appellant obtained personal judgment against appellee Anna Dodge, in the municipal court of Council Bluffs. An execution was issued on said judgment, and appellee Council Bluffs Savings Bank was attached as garnishee under said execution. The garnishee filed an answer. The sole question in the case is whether, upon the answer so filed, appellant was entitled to judgment against the garnishee. It appears from the answer of the garnishee that, on or about the 30th day of January, 1894, General Grenville M. Dodge and his wife and the appellee Anna Dodge entered into a certain agreement whereby the said Grenville M. Dodge set apart certain property in trust for the use of his wife and appellee Anna. Ap-

pellee Anna is the third party referred to in the trust agreement. The parts thereof material to the matters for determination in this appeal are as follows:

"One hundred and twenty-five thousand dollars of said trust fund is hereby set apart for the use and benefit of the second and third parties, * * * Upon the death of the second party the income of said sum of $125,000, shall be paid to the third party if living from time to time as she may elect during her life. * * * The second party during her lifetime, and afterwards the third party, if she survives the second party, during her life, shall have the right to determine when and how the said sum of $125,000 shall be invested or reinvested by the said trustee, but the investments shall at all times be such as have the approval of the trustee, and the said trustee shall not be liable for any deterioration or loss."

The answer of the garnishee discloses that, at the time of the service of the notice of garnishment, the trustee had in his possession all of the securities in which the trust fund had been invested, and had on hand a balance of $502.91 in cash, which he, as trustee, had received as income from said trust fund. The answer also recites that there were payable out of said funds on hand, before disposition could be made to the said Anna, the expenses and charges of the administration of the trust, together with current expenses and charges incident to the administration of said trust; that the net amount of said income was indefinite and incapable of determination at said time; that no part of said income had been set aside for the said Anna, nor was any of the same due or payable to her at said time; and that no demand had been made by the said Anna for the same, and no election had been made by her to receive the same. Upon the allegations of this answer, the trial court discharged the garnishee. We are not called upon in this appeal to determine the character of this trust, nor any question between the trustee and the *cestui que trust,* nor as to what extent the doctrine of a spendthrift trust is recognized in this state. Our sole question is whether, under the terms of the trust and the facts as disclosed by the answer of the garnishee, the funds in the hands of the garnishee are subject to garnishment at the instance of the execution creditor of the *cestui que trust.* The answer dis-

closes that the income derived from the trust estate that was in the hands of the garnishee was subject to charges in connection with the administration of the trust estate, and the amount, if any, that the *cestui que trust* could claim therefrom was wholly unascertained; and, furthermore, that no portion of said sum had been set apart for the use and benefit of the *cestui que trust*, nor had any election been made by the said *cestui que trust* to take any of the said sum.

It is the uniform holding of the courts that the obligation of a trustee to the *cestui que trust* is an equitable, and not a legal, obligation, and that the trust cannot be reached by garnishment to enforce legal claims against the *cestui que trust*.

"The general rule is that a trustee cannot be made a garnishee at the instance of a creditor of a *cestui que trust*." 20 Cyc. 993.

"Where the estate or interest of the *cestui que trust* is an equitable one, equitable remedies must be invoked in order to subject it to the claims of his creditors." 39 Cyc. 242.

This rule obtains unless the duties of the trustee have fully terminated and the amount due to the *cestui que trust* is definite and ascertained and nothing remains except the duty of the trustee to turn over and deliver a definite sum to the *cestui que trust*.

The language of the trust in the instant case is quite similar to that in the case of *Ober v. Seegmiller*, 180 Iowa 462. In that case the trustees were garnished as supposed debtors of the *cestui que trust* on an execution issued on a judgment held by the plaintiff against the *cestui que trust*. The trust was created by a will, the provision in question being as follows:

"To my beloved husband, Jacob Seegmiller, I give and bequeath so much of and such part of the sum of $1,000 each year during the period of his natural lifetime as he may be pleased to demand, said sum to be paid to him as is hereinafter provided."

· We said:

"The question arises whether or not, under this record, the garnishees are so indebted to their father as that they should be held liable in garnishment proceedings. If so, it arises out of the provisions of the will. It will be noticed that there is

not an absolute bequest of $1,000 or any other fixed sum to Jacob Seegmiller. The provision is to pay so much of and such part of the sum of $1,000 each year during the period of his natural life as he may be pleased to demand. If he made no demand during the year, then clearly nothing was due him for that year. Whether anything would become due for future years depended (a) upon his survival, and (b) upon his demand. These were conditions precedent to the vesting of the gift. It is not a case of bequest of a certain sum upon demand of the donee, in which case the obligation would be fixed, but a bequest or devise of such a sum as he might demand during any one year, not exceeding $1,000. Again, the demand was clearly personal, and the demand not only fixed the time of payment, but the amount thereof; and, until there was a demand, there was no debt.''

In *Kiffner v. Kiffner*, 185 Iowa 1064, we considered a will by the terms of which the testator placed an amount of money in the hands of a trustee, who was given full and unlimited power and control over the funds and was authorized to pay to the *cestui que trust*, from time to time, ''such sums as, in his judgment and discretion may be deemed wise, prudent and just for the welfare and well-being of my said son, Charles H. Kiffner.''

We said:

''Sufficient to say, in general terms, that the testator owed no duty, legal or moral, to provide for the debts of his son; that he had a right to dispose of his own estate as he would; that he had a right to create a trust fund and place the same in the hands of a third party as trustee, and to confer upon such trustee such full power over the fund as the testator himself would have had if living; and that he had a right to adopt this course for the very purpose of enabling the trustee to support the improvident son, and yet prevent his creditors from appropriating the benefaction. The creditors are not thereby wronged. It is true, of course, that, when the fund has once passed into the hands of the beneficiary, it becomes his unqualified property, and is subject to the same processes in his hands as any other property. But as long as it is withheld from the control of the debtor, it is beyond the reach of the creditor, also. *Nichols v. Eaton,* 91 U. S. 716.''

It is true that in the *Kiffner* case the trustee was clothed with a greater discretion than is the trustee in the case at bar, but the underlying principle that the fund in the hands of the trustee is not a debt due to the *cestui que trust* is recognized. In the instant case the amount, if any, that the *cestui que trust* may receive from the fund shown to be in the hands of the trustee as income from the trust estate is wholly unascertained and indefinite. In any event, charges and expenses of administration are to be deducted. If a residue then remains in the hands of the trustee, whether or not it shall be paid to the *cestui que trust* is wholly a matter of election with her. This is in accordance with the express provisions of the trust. The said income is to be paid to the *cestui que trust* "from time to time as she may elect during her lifetime." The time when she may elect is left wholly at the option of the *cestui que trust,* as is also whether she shall elect at all or not. Certainly, under such a trust the funds in the hands of the trustee do not become a debt due from the trustee to the *cestui que trust* until such time as the *cestui que trust* shall see fit to demand the same from the trustee. The answer of the garnishee not only discloses that the amount in his hands that may in any event be subject to the election of the *cestui que trust* is indefinite and unascertained, but it affirmatively appears that no election to take the same has ever been had by the *cestui que trust.* She may never choose to elect to take the same. She may let the funds accumulate in the hands of the trustee, if she sees fit so to do. She may postpone her time of election to some remote and indefinite period. Creditors are not wronged by such action on her part, nor can they compel her to elect to claim the income in the hands of the trustee, nor can they designate and determine the "time" when she shall make such election. Under the showing made in the answer of the garnishee, there was nothing in the hands of the trustee subject to garnishment at the instance of the creditor of appellee Anna, and the court was correct in its order discharging the garnishee.

The action of the trial court must be, and it is,—*Affirmed.*

EVANS, ALBERT, and MORLING, JJ., concur.