O. M. OBER et al., Plaintiffs, v. ANNE DODGE, Appellant, et al.; CLARENCE A. KIMBALL, Intervener, Appellee.

No. 39853.

JUNE 23, 1930.

*Frost & Towers* and *Jackson & Tollinger,* for appellant.

*Kimball, Peterson, Smith & Peterson,* for appellee.

GRIMM, J.—In February, 1927, the plaintiff Ober, together with five other plaintiffs, filed in the district court of Pottawattamie County, Iowa, at Council Bluffs, their petition in equity against Anne Dodge, the judgment debtor, as principal defendant, and against the Council Bluffs Savings Bank, trustee of the Pusey Trust (sometimes known as the Anne Dodge Trust), as codefendant. The trustee was made defendant under the provisions of Section 11815 of the 1927 Code of Iowa, upon the theory that it held property or money in which the debtor, Anne Dodge, had an interest.

After the suit had thus been started, the plaintiff Clarence A. Kimball filed in it a petition of intervention, claiming to have a right of action against the defendant Anne Dodge on account of an alleged breach of contract. The said Kimball, intervener, had not reduced his claim to judgment. No attempt had been made, so far as the record shows, by the intervener to recover damages by an action at law in this or any other state. The bank trustee filed a motion to dismiss the petition of intervention, on numerous grounds not necessarily here considered. The motion was overruled.

Anne Dodge and the trustee subsequently filed separate answers. The defendant Anne Dodge admitted that she is the beneficiary under the trust, but alleges that there was nothing due from the trustee to her at the time the petition of intervention was filed. She also alleges that the claims of the intervener are based upon an unliquidated account for the personal debt of the defendant, and that she has a distinct defense to the claim; that to require the trustee to pay over any part of the principal or income of the trust would be in direct violation of its terms, and contrary to the duty of the trustee.

The bank, trustee, answered, denying that the intervener

did not have a plain, adequate, and speedy remedy at law, and denying that Anne Dodge had an interest in the property set forth and described in plaintiff's petition that should be subjected to the satisfaction of a judgment in favor of the intervener. The trustee set up the trust, and alleged that, at the time of the service of the notice of the petition of intervention, it had in its possession as trustee certain securities,—naming them,—together with a balance of the unexpended and unappropriated income accumulated and received from said trust property, which balance was approximately in the sum of $1,300; that said Anne Dodge had no interest whatever in the principal of the trust, and that she was entitled to receive the net income therefrom when the same should be ascertained and set apart for her, and at such times as she should elect to receive the same; that said income balance of $1,300 in the hands of the trustee was gross income, and that the same was subject to certain expenses and charges necessary for the administration of said trust, such as taxes, insurance, postage, and fees of trustee and its necessary expenses; that no part of the said sum of $1,300 had been set aside or determined to be income, and no specific part thereof had been set aside for the use of or for payment to the said Anne Dodge; and that she had not, at the time of service of said notice, made any specific demand for or election to receive said gross income or any part thereof; and that no amount was at said time due to her, and the said trustee was not, in any manner or respect, indebted to the said Anne Dodge, and had none of her property in its possession or under its control. The defendant trustee denied that the intervener is entitled to the relief demanded.

The intervener filed a reply, setting forth, in substance, that monthly, since May 4, 1921, said defendant Anne Dodge had been receiving from said trustee the sum of $400. The intervener alleged that Anne Dodge had elected to receive from said trustee the accrued net income arising out of said trust fund; that at no time since May, 1921, had the trustee required from the defendant Anne Dodge any formal demand for the payment of the accrued net income arising from said trust fund.

An agreed statement of facts was filed, the material portions of which are substantially as follows:

That the plaintiffs and the intervener were claiming cred-

itors of the defendant Anne Dodge; that Clarence A. Kimball is a resident of Mt. Desert, Hancock County, state of Maine; that the defendant Anne Dodge is living in the District of Columbia, and has been absent from the state of Iowa since the cause of action against her on behalf of said intervener arose; that, on the 13th day of September, 1923, the intervener, Kimball, a resident of Maine, and the defendant Anne Dodge, then a resident of New York, entered into a written lease, a copy of which is attached to the petition, by the terms of which said written lease said defendant agreed to pay the intervener rent for the period of two years, at the rate of $2,700 per year, for the use of certain property in Maine; that said defendant failed to make all the payments called for by the said lease; and that, by reason of her failure so to pay, there have arisen in favor of the said intervener a claim and right of action for breach of the said lease contract against the said Anne Dodge, and it is agreed that the amount of damages which the intervener would be entitled to recover in a suit at law on said right of action is $3,000, none of which has been paid. It is agreed that the said intervener, Kimball, has not brought any suit or action against the said defendant Anne Dodge, other than by intervention herein, either in the courts of this state or any other jurisdiction, and that said claim has not been litigated, or reduced to judgment, either in this state or elsewhere. It is agreed that the defendant Anne Dodge is the sole life beneficiary or *cestui que trust* of a certain trust estate created by her father, the late General Grenville M. Dodge, and controlled by the terms of a certain trust agreement and amendments thereto, copies of which agreement and amendments are attached to the petition of the plaintiffs; that the Council Bluffs Savings Bank is the sole trustee of the said trust estate, by virtue of an order of appointment of the district court of Pottawattamie County; and that the said trust is known as "The Frank S. Pusey Trust for the Benefit of Anne Dodge," and sometimes is referred to as the "Anne Dodge Trust." It is agreed that the trustee has certain cash, stocks, bonds, mortgages, and other properties, of the aggregate par value of $280,000, and that the said properties have an estimated value of approximately $144,000. It is agreed that Anne Dodge has no right, title, or interest in or to the corpus of said trust fund, but is entitled to the net income therefrom, only.

In addition to this agreed statement of facts, some oral testimony was taken. E. R. Jackson, trust officer of the Council Bluffs Savings Bank, who has had charge of the trust since May 4, 1921, testified, among other things, that the trustee has had several different arrangements with Anne Dodge, but that for the most part it has paid her a monthly allowance, and made final distribution at the end of the year. The trustee had been paying her $400 monthly, and after the end of each year, after deducting expenses of administration and charges incident to the trust, she was paid the undivided accrued net income. This arrangement was satisfactory to Anne Dodge. It appears that, at the commencement of this suit, Anne Dodge telegraphed the trustee, asking why the monthly check for $400 had not arrived, to which telegram the trustee replied that suit had been brought, and that payment had been stopped by reason of this suit. The trust officer stated that, under the arrangement of the trustee with Anne Dodge, it never waited for a formal demand for monthly payments.

The material portions of the trust agreement are as follows:

"Upon the death of the second party [mother of Anne Dodge, long since deceased], the income of said sum of $125,000 shall be paid to the third party, if living, from time to time as she may elect during her life."

The claims of the plaintiffs have been adjudicated, and the only matter before this court, on appeal, is the right of the intervener to recover.

I. The appellant contends that the intervener should not have been permitted to file his petition of intervention, as hereinbefore stated, because the intervener's claim had not then been  reduced to judgment. The trustee bank filed a motion to dismiss intervener's petition, upon that and other grounds, and the motion was overruled. It will be noted, however, that the defendant Anne Dodge did not join in the motion, nor did she file a motion in her own behalf. The trustee bank has not appealed, and therefore this claimed error for reversal is not before this court.

II. It is claimed by the appellant that, as no fraud was alleged or shown as against the appellant, the court had no in-

herent jurisdiction which would relieve the requirement of Section 11815 that intervener's claim be first placed in judgment. What has been said in Division I of this opinion applies with equal force and effect to this second claim of the appellant's.

III. It is claimed by the appellant that to permit a general creditor to proceed by equitable action to recover on a mere unlitigated claim for damages on breach of contract, without first reducing said claim to judgment at law,  would be to deprive the alleged debtor of the right to have her case tried to a jury. The difficulty with the appellant's position on this point is that the appellant filed a general appearance and answer, without at any time moving to have the action transferred to law. The appellant submitted to the jurisdiction of the court in an action in equity, and cannot for the first time raise the issue in this court that, by reason of the proceedings, the appellant was deprived of a trial by jury.

IV. The fourth, fifth, and sixth errors relied on for reversal, which pertain to the question of whether Anne Dodge had elected to take the income, are to be considered together. The language of the trust definitely provides that she shall be entitled to the income therefrom "from time to time as she may *elect* [writer's italics] during her life;" and the question before us for determination is whether, upon the record, there is a showing that she did so "elect." The testator definitely prescribed the terms and conditions under which the income from the trust property should become the property of Anne Dodge, and, under well established rules, courts will recognize and enforce such a provision in a trust.

In *Darling v. Dodge*, 200 Iowa 1303, in which case the same Anne Dodge was defendant, and this particular trust was under consideration, this court said:

"In the instant case, the amount, if any, that the *cestui que trust* may receive from the fund shown to be in the hands of the trustee as income from the trust estate is wholly unascertained and indefinite. In any event, charges and expenses of administration are to be deducted. If a residue then remains in the

hands of the trustee, whether or not it shall be paid to the *cestui que trust* is wholly a matter of election with her. This is in accordance with the express provisions of the trust. The said income is to be paid to the *cestui que trust* 'from time to time as she may elect during her lifetime.' The time when she may elect is left wholly at the option of the *cestui que trust*, as is also whether she shall elect at all or not. Certainly, under such a trust the funds in the hands of the trustee do not become a debt due from the trustee to the *cestui que trust* until such time as the *cestui que trust* shall see fit to *demand* [writer's italics] the same from the trustee. The answer of the garnishee not only discloses that the amount in his hands that may, in any event, be subject to the election of the *cestui que trust* is indefinite and unascertained, but it affirmatively appears that no election to take the same has ever been had by the *cestui que trust*. She may never choose to elect to take the same. She may let the funds accumulate in the hands of the trustee, if she sees fit so to do. She may postpone her time of election to some remote and indefinite period. Creditors are not wronged by such action on her part, nor can they compel her to elect to claim the income in the hands of the trustee, nor can they designate and determine the 'time' when she shall make such election."

The opinion in *Darling v. Dodge* was filed in this court December 15, 1925.

Being under no disability, it remains for Anne Dodge herself to "elect." No one else can do it for her, nor can she under any circumstances be forced to do so.

It appears from the record, without contradiction, that, for some time prior to March 4, 1927, when the petition of intervention was filed, a custom and practice had been invoked whereby the bank sent monthly to Anne Dodge the sum of $400, and at the end of the calendar year, all charges and deductions were taken from the gross income on hand, and the remaining net balance was sent to Anne Dodge. It does not appear whether this custom or practice was the result of a request on the part of Anne Dodge or the result of a suggestion by the bank trustee or the suggestion of someone else; but, at all events, it appears to have been mutually agreeable to both the trustee bank and to Anne Dodge up to the time when the said petition of interven-

tion was filed. The record fails to show an express election on the part of Anne Dodge to receive $400 per month, month by month. The most that can be said on the subject is that she acquiesced in such an arrangement.

On March 9, 1927, after the filing of the petition of intervention, Anne Dodge sent a telegram to the trustee bank, as follows:

"Income due March first from Anne Dodge trust has not arrived. Please send immediately."

Here, then, is a definite election, made on March 9, 1927, to take down from the income of the trustee the sum of $400. There is in the record no evidence of any subsequent election on the part of Anne Dodge. All income prior to that said to be due March 1st has passed to Anne Dodge, and is no longer in the hands of the trustee, and cannot be considered in this case. The only amount of money in the hands of the trustee which Anne Dodge had elected to take, under the terms of the trust, was $400, covered by the said telegram of March 9, 1927. Under the construction placed upon said trust in *Darling v. Dodge*, 200 Iowa 1303, there was not, prior to the sending of the telegram, March 9, 1927, any election on the part of Anne Dodge to take any of the income of 1927, or subsequent thereto; and by her said telegram she elected to take only $400. Under all the circumstances shown in the record, there is in the hands of the trustee bank, as the individual property of Anne Dodge, the sum of $400, which, by her telegram of March 9, 1927, she elected to take.

The court was in error in establishing a lien for $3,000 and interest on the income from the Anne Dodge trust in the hands of the trustee bank. It should have been for only $400.—*Modified and affirmed.*

MORLING, C. J., and STEVENS, FAVILLE, ALBERT, and WAGNER, JJ., concur.

KINDIG, J. (dissenting).—I think there was an election as to the entire amount, and I would affirm without modification.

EVANS, J., joins in this dissent.