STANDARD CHEMICAL COMPANY, Plaintiff, Appellee, v. J. W. WEED et al., Defendants, Appellants.

No. 44570.

April 4, 1939.

H. M. Logan, for appellants.

Thornell, Thornell & Nichols, for appellee.

Stiger, J.—Paragraph two of the last will and testament of Leslie E. Weed gave a remaining one-eighth part of his estate to John Carson in trust for the use of his son, John William Weed.

Paragraph three of said will reads:

"Third: The one-eighth part given to John Carson in trust shall be invested by him, and the return received therefrom, less taxes and expenses, shall be paid to my said son John William Weed so long as he shall live, and at his death the said one-eighth part then remaining in the hands of said trustee, shall be divided equally among my other seven children, share and share alike. The net proceeds of said trust shall be loaned out by said trustee on real estate first mortgage security, and the interest arising therefrom shall less necessary charges be paid to John William Weed yearly or oftener if collected for shorter periods."

Plaintiff sought to subject the income from the trust to

the satisfaction of its judgment against the beneficiary John W. Weed.

John W. Weed will be referred to as appellant. The contention of appellant is that he is the beneficiary of a spendthrift trust and that he has no interest in the trust income that can be appropriated by his creditors. There is evidence that appellant was a spendthrift and insolvent at the time the will was executed.

■ The testator has the right to create a trust for the benefit of his son in a manner that would prevent his creditors from appropriating the benefaction. If, under the terms of a trust, the income is to be applied to the *cestui que trust* in the discretion of the trustee, or the income is payable to the cestui at his option or demand, or the trust is for a special purpose, as for the support of the beneficiary or his family, or in general, where there is no debt due from the trustee to the cestui, under such circumstances, the beneficiary may enjoy his benefaction free from the appropriation of his creditors because he has received no vested or alienable right. For cases on spendthrift trusts, see Meek v. Briggs, 87 Iowa 610, 54 N. W. 456, 43 Am. St. Rep. 410; Ober v. Seegmiller, 180 Iowa 462, 160 N. W. 21; Kiffner v. Kiffner, 185 Iowa 1064, 171 N. W. 590; Damhoff v. Shambaugh, 200 Iowa 1155, 206 N. W. 248; Darling v. Dodge, 200 Iowa 1303, 206 N. W. 266; Funk v. Grulke, 204 Iowa 314, 213 N. W. 608; Ober v. Dodge, 210 Iowa 643, 231 N. W. 444.

■ In this case the trustee was required to pay the net income to appellant annually, or, "oftener if it was collected for shorter periods." This income is a debt due appellant from the trustee. The intention of the testator Leslie E. Weed that the interest of appellant under the trust shall not be subjected to the payment of his debts must be found in the words used by him in his will. There must be something on the face of the instrument to show such intention. His intention to create a spendthrift trust cannot be found, as contended by appellant, *dehors* the will, that is, such intention cannot be found solely in the circumstances that he was a spendthrift and insolvent at the time the will was executed.

■ There is no language in this will that shows an intention to place the income from the trust beyond the reach of appellant's creditors. The trust conferred a vested property right in appellant. He had the right to anticipate and assign

his interest in the trust and such interest was subject to the claims of his creditors. The trial court was right in subjecting the net income from the trust property to the payment of the judgment.—Affirmed.

MITCHELL, C. J., and MILLER, SAGER, OLIVER, HALE, HAMILTON, and BLISS, JJ., concur.