J. G. MEEK, Appellant, v. H. L. BRIGGS *et al.*; L. O. BLISS, Garnishee, Appellees.

1. **Wills**: CONSTRUCTION: TITLE IN TRUSTEES. A testator, in one paragraph of his will, gave to his daughter certain property, subject to the provisions of another paragraph, in which he named certain persons as trustees to take charge of and control said property according to their best judgment, and to apply the increase to the support of the daughter, and in which he also declared that such trust should be held and construed as a limitation upon the title and interest vested in the daughter by the former paragraph, and that the same should continue until, in the judgment of the trustees, the daughter should have become competent and worthy to be entrusted with the property, when they should surrender it to her, and the title should, thereupon, vest absolutely in her. *Held*, that the legal title of the property was vested in the trustees, such an estate being necessary to enable them to execute the powers given, and to perform the duties required of them.

2. ———: ———: VALIDITY: PERPETUITIES. In such case, should the daughter die prior to the vesting of the estate in her, the legal and equitable titles would merge, and the estate would descend to her heirs. Therefore, the devise was not invalid· as being against section 1920 of the Code, which declares that "every disposition of property is void which suspends the absolute power of controlling the same for a longer period than during the lives of persons then in being, and for twenty-one years thereafter."

3. ———: DEVISE IN TRUST: GARNISHMENT FOR DEBTS OF BENEFICIARY. In such case the trustees could not be made liable as garnishees for the daughter's debts, since to hold otherwise might deprive them of the means of carrying out the testator's intention; and there is no rule of public policy or sound morals which prevents a testator, in disposing of his bounty without consideration, from providing in such a way against the misfortune or improvidence of the object of his bounty.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

FRIDAY, FEBRUARY 3, 1893.

MOTION for judgment against Bliss, garnishee, as trustee of property willed to Blanche A. Briggs.

Motion overruled. The garnishee discharged. The plaintiff excepts, and appeals.—*Affirmed.*

*Bolton & McCoy*, for appellant.

Having in clear and unmistakable language vested the title to this property in Mrs. Briggs, under the fourth paragraph of the will, the testator could not divest her of such title, except by equally clear and unmistakable terms. Having so vested the title to the property in Mrs. Briggs, the right on her part to alienate the same clearly and certainly follows, because she is vested both with the legal title and beneficial use. And in all cases where the power of alienation exists a creditor may seize and subject the property to the payment of debts. *McCleary v. Ellis*, 54 Iowa, 311; *McCormick Harvesting Co. v. Gates*, 75 Iowa, 343. The rule in *Shelley's case* holds that whenever the legal title and the beneficial use vests in the same person, such person is vested with a fee simple title and the power of alienation, and all attempted limitations of such power are void because the same are inconsistent with and must give way to the legal title. *Blackstone Bank v. Davis*, 38 Mass. 42; 1 Perry on Trusts, sec. 386, 386*a*, 386*b*, and many authorities there cited, to which we refer. *Daniels v. Eldridge*, 150 Mass. 356; *Deering v. Tucker*, 55 Me. 384; *Kisor's Appeal*, 57 Pa. St. 236. It is conceded that there is a class of cases where trusts like that at bar have been enforced, but in all such cases the legal title was vested in the trustees. See, also, 1 Perry on Trustees, sections 298 to 304, and *Gardner v. Hooper et al.*, 69 Mass. 398; *Benkert v. Jacoby*, 33 Iowa, 274; *Williams v. Allison*, 36 Iowa, 279; *Rona v. Meier*, 47 Iowa, 607; *Alden v. Johnson*, 63 Iowa, 124; *Toner v. Collins*, 67 Iowa, 369. The will, as construed by counsel for the garnishee, gives the property to Mrs. Briggs, but alienation by her is suspended for an uncertain and unlimited time. As thus construed, the

limitation on the power of alienation is absolutely void, because it is in conflict with the statute against perpetuities. *Jocely v. Nott,* 44 Conn. 55; *Fosdick v. Fosdick,* 88 Mass. 41; *Ludwig v. Combs,* 1 Metc. (Ky.), 129, 132. The rule of law is "inflexible that every limitation is void unless it takes effect *ex necessitate* and in all possible contingencies within the prescribed period." *Sears v. Putnam,* 102 Mass. 5–8; *Dana v. Murray,* 122 N. Y. 604; *Leonard v. Barr,* 18 N. Y. 96, 107, 108; Lewis on Perpetuities, 592. The limitation of an estate must be based on the lives of persons living, because the statute so provided and such is the common law rule. 2 Perry on Trusts, sec. 476 to 418, inclusive.

*F. M. Williams,* for garnishee.

This property can not be handed over to the creditor, unless the *cestui que trust* could herself demand and recover the possession of the same. That is to say, the creditor's right is no better or higher than that of the devisee. The devisee could not maintain a bill to terminate the trust. *Hall v. Williams,* 120 Mass. 344; *Russel v. Grinnell,* 105 Mass. 425. It is the settled law of Indiana that the rule in *Shelley's case* will not be allowed to defeat the plain intention of the testator. See *Mitchell v. Ford,* 8 N. E. Rep. 917. Where restrictions are contained in the will, the rule in *Shelley's case* has no application where there is no limitation over to the heirs. *Hanna v. Hawes,* 45 Iowa, 439, 441. No particular form of words need be used to create a trust estate, it being sufficient if the testator's intention is disclosed that the property shall be held and disposed of by trustees named. A trust estate vests in the trustee under a will. *Quinn v. Shields,* 62 Iowa, 144. Mere words must yield to the intention of the testator, as set out by the whole will. *Will of Bur-*

bank, 69 Iowa, 381; Lowrie et al. v. Troutman et al., 65 Iowa, 584. The possession is not given to the devisee, and the title is expressly limited as subject to the trust, so the rule of Rona v. Meier, 47 Iowa, 607, and Alden v. Johnson, 63 Iowa, 124, is not applicable. The question as to whether the income of a trust fund can be reached by a creditor is an open one in this state. In England and some American states it can. In Vermont, Connecticut and Kentucky it can not. In Rhode Island it can, and yet in the case of Nichols v. Eaton, 91 U. S. 716, which went up from Rhode Island, the doctrine was disapproved by Justice Miller, and in an elaborate opinion he holds that the discretion of trustees can not be controlled, and the interest of a bankrupt in the income of the trust fund, does not pass to the assignee in bankruptcy. In a still later case in Massachusetts (Banks v. Adams, 133 Mass. 170), the same doctrine was announced, although there is no limitation over the estate. The Maryland court has exhausted the subject in the case of Smith v. Towers, 14 Atl. Rep. 497, and reject the English rule. See Stanley v. Colt, 72 U. S. 119; Appeal of Reading Trust Co., 19 Atl. Rep. 552. Where trustees are named in a will, it is not necessary in order to find the legal estate vested in them to find a direct devise to them in the will. Webster v. Cooper, 14 How. 499; 2 Jarman on Wills, 202.

KINNE, J.—The facts disclosed by this record are that the plaintiff recovered a judgment against the defendants H. L. Briggs and Blanche A. Briggs for nearly two thousand dollars. Execution issued thereon and the defendant L. O. Bliss was garnished, as a supposed debtor of Blanche A. Briggs. The garnishee answered before the commissioner that he was not indebted to the defendant, but disclosed that as one of the trustees appointed by the will of William Wilde,

deceased, he held in his possession property of the value of over sixteen thousand dollars in trust for Blanche A. Briggs, formerly Wilde. Blanche A. Briggs was a daughter of William Wilde, now deceased. That he held said property by virtue of the provisions of the will of the deceased. After making certain devises to other members of his family, the testator's will provides:

"*Fourth.* To my daughter, Ada Blanche Wilde, I give, devise, and bequeath the undivided one-fourth of the north thirty feet of lot 77, in the city of Dubuque, Iowa; also the sum of thirteen thousand, three hundred dollars, in bills receivable and accounts, subject to the provisions of paragraph 7 of this will." Paragraph 7 is as follows:

"*Seventh.* I hereby name and appoint my brother Richard Wilde, my wife, Mary R. Wilde, and my friend, L. O. Bliss, trustees, without bond, to receive, manage, and control the property and funds hereby bequeathed and devised to my said daughter Ada Blanche Wilde, hereby giving them full power to take posession of said property, both real and personal; to collect the rents from said real estate; to invest the moneys and credits in good, safe, interest-bearing securities; and in every way to care for and preserve the fund set apart to my said daughter in such manner as to them shall seem wise and prudent, applying the income and increase thereof to her support, comfort and education, so far as shall be required for such purposes. The trust hereby created shall be held and construed as a limitation upon the title and interest vested in my said daughter by the fourth paragraph of this will, and the same shall continue until, in the judgment of said trustees, she shall have become fully competent and worthy to be intrusted with the sole care and power of control of said property and funds, or until she shall be married to some competent and worthy man. In

either case, when they are satisfied that said devise and bequest will be safely and prudently cared for and preserved, they may surrender all trust funds and property to my said daughter, and the title shall then vest absolutely in her.''

A copy of the will was attached to the answer. The plaintiff moved for judgment against the garnishee on his answer. The court overruled the motion, found that the garnishee was not indebted to either of the defendants, and discharged him; to which the plaintiff excepted.

I. If, by the terms of the will of the deceased, Ada Blanche Wilde took the legal title, as well as the beneficial use, of the property, both real and personal, then it necessarily follows that she had power to dispose of it, as the power to alienate is one of the incidents of an absolute gift and of an estate in fee. If such an estate vested in her, her power to alienate it could not be limited, as such limitation would be inconsistent with the enjoyment of the estate granted. The plaintiff insists that such is the effect of the provisions of the will which we have quoted. If his contention is correct, then the property in the hands of Bliss was subject to the plaintiff's garnishment. *McCleary v. Ellis*, 54 Iowa, 316; *McCormick Harvesting Machine Co. v. Gates*, 75 Iowa, 344; 1 Perry, Trusts, sections 386, 386a, 386b; *Deering v. Tucker*, 55 Me. 284; *Keyser's Appeal*, 57 Pa. St. 236. It becomes important, then, to determine whether the will in question vests an absolute title to the property in Ada Blanche Wilde.

1. WILLS: construction: title in trustees.

The fourth provision expressly says that the gift and devise therein made are subject to the provisions of paragraph 7. That paragraph creates a trust, names the trustees, vests in them absolute authority to take possession of all the property, collect the rents,

invest the moneys, and pay over to the daughter, not a sum certain, but the "income and increase," so far as may be required for certain purposes. It then expressly provides that the trust created shall be held and construed as a limitation upon the title and interest vested in the daughter under the fourth clause of the will. It closes with a provision that when the trust fund and property are turned over to the daughter the title shall vest absolutely in her. Now the cardinal rule of construction applied to wills is to ascertain and give effect to the intention of the testator. If that intention can be gathered from the instrument, it will always be carried into effect, unless to do so would violate some rule of law. Construing the clauses of the will together, there can be no doubt as to the testator's intention. It is clear that he did not intend that the daughter should have the property in question, nor the control or management of it, until the trustees, in their discretion, should see fit to give it to her. The provisions for the daughter show that the testator did not intend to give her title or possession of the property. If she held title, she might convey or incumber the real estate, or dispose of the personalty, and thus put it out of the power of the trustees to execute the trust. The very fact that they were required to take possession of the property, collect rents, and invest the funds, and pay over, from time to time, to the daughter, so much of the income as was necessary for her support, comfort, and education, implies that the interest of the trustees in the estate should be something more than mere control of it, subject to the will of the daughter. If, as the plaintiff contends, the will makes the daughter the absolute owner of the property, thereby vesting in her the absolute right of disposal of it at any time she sees fit, then is the intention of the testator set aside, and he might as well have given it all to her absolutely, without creating any trusteeship,

because his provision therefor could be rendered ineffective at any moment the daughter saw fit to exercise her right of disposal of the property. In other words, the only way effect can be given to the manifest intent of the testator is to hold that the will creates a trust, and that the trustees take the legal title for the use and purposes provided in the will.

It is true that, in terms, the property in the case at bar is not bequeathed or devised to the trustees, nor need it be in order for them to take title. Where trustees are named in a will, the law looks to see what powers are conferred upon them, what duties are required of them, and presumes that it was the testator's intention to give them such an estate as will enable them to execute the powers given, and perform the duties required. *Webster v. Cooper*, 14 How. 499. And it has been held "that, though no trust is declared in express terms, nor even mentioned, still the intention of the donor to create the trust, and the existence of the trust itself, may be necessarily inferred from the powers and authority given to the grantee; and in case of wills, even where no estate is directly devised to the executors, but the whole estate is apparently given to the beneficiaries, the trust may be necessarily inferred from the powers and authority conferred upon the executors, and thus, from a construction of the entire will, the intention may be shown that the executors are to take the legal title as trustees of an express active trust." 2 Pom. Eq. Jur., section 1011; *Tobias v. Ketchum*, 32 N. Y. 327. A well known exception to the rule prohibiting restraints upon the alienation of property, legal or equitable, is where a trust is "so created that no interest vests in the *cestui que trust*; consequently, such interest can not be alienated; as, where property is given to trustees to be applied, in their discretion, to the use of a third person, no interest goes to the third person until the trustees have exercised

this discretion. So, if property is given to trustees, to be applied by them to the support of the *cestui que trust* and his family, or to be paid over to the *cestui que trust* for the support of himself and the education and maintenance of his children. In short, if a trust is created for a specific purpose, and is so limited that it is not repugnant to the rule against perpetuities, and is in other respects legal, neither the trustees nor the *cestui que trust*, nor his creditors or assignees, can divert the property from the appointed purpose. Any conveyance, whether by operation of law, or by the act of any of the parties, which disappoints the purposes of the settler by diverting the property or the income from the purposes named, would be a breach of the trust." 1 Perry, Trusts, section 386a; *Rife v. Geyer*, 59 Pa. St. 396; *Barnes v. Dow*, 59 Vt. 530, 10 Atl. Rep. 258. The case at bar, in our judgment, comes within this exception. In *Barnes v. Dow, supra*, the testator devised all his estate to his nephew, excepting the support of his sister during his lifetime. He then gave his estate in trust to his executor, and gave to the sister a support out of the estate during her life, and the remainder after the termination of the trust to the nephew. The court held that, to carry out the intention of the testator, the legal estate must be held to be in the executors in trust. It said: "If it appears from the will that it was the intent of the testator that the beneficiary should have nothing that she could dispose of, it will be as effectual to protect the trust as if there was an express clause against alienation." *Keyser v. Mitchell*, 67 Pa. St. 473; *Perkins v. Hays*, 3 Gray, 405.

II. The next question that arises is, is the will, as thus construed, void, as in contravention of our statute against perpetuities? That statute reads: "Every disposition of property is void which suspends the absolute power of

2. ——: ——:
 validity:
 perpetuities.

controlling the same for a longer period than during the lives of persons then in being, and for twenty-one years thereafter.'' Code, section 1920. Under our law the word ''property,'' used in the statute, includes personal as well as real property. Code, section 45, subdivision 10. It may be conceded that the rule of law is ''inflexible that every limitation is void unless it takes effect *ex necessitate,* and in all possible contingencies, within the prescribed period.'' *Sears v. Putnam,* 102 Mass. 58; *Dana v. Murray,* 122 N. Y. 604, 26 N. E. Rep. 21. Suppose the conditions upon which the trustees are under the will authorized to transfer this property to the *cestui qui trust* do not appear to them to exist during the lifetime of the latter. What then becomes of the estate? The testator has made no absolute provisions for such a contingency. He has not, in terms, provided in whom the estate shall vest in the supposed case. Clearly, the death of the *cestui que trust* before the transfer of the estate to her would terminate the trust, and the estate so held by the trustees would pass to the heirs of the *cestui que trust.* The whole will shows an intent on the part of the testator to dispose of all his estate. Under our construction of this will the legal title is given to the trustees, and they are vested with certain powers and charged with the execution of certain duties relating to the property; but this legal title is held for the *cestui qui trust,* to be transferred to her upon certain contingencies. If the legal title still rested in the trustees at the death of the *cestui que trust,* then at her death both titles would merge and the estate pass to her heirs. See *Toner v. Collins,* 67 Iowa, 375. If this be so, then the will is not open to the objection that the estate—the legal title—may not vest within the time fixed by the statute, as, if not vested by the trustees in the *cestui que trust* during her lifetime, in any event it would vest in the heirs of the *cestui que trust* at her death.

III.   We have, then, an estate, the legal title to
which is in the trustees, and the equitable in the
*3. ——: devise in* *cestui que trust;* and the question arises,
*trust: garnish-* has the *cestui que trust* such an interest in
*ment for debts*
*of beneficiary.* the property, under the terms of the will,
as that the trustee can be made liable for her debts, as
garnishee?   We think the trustee can not be held
liable.   If creditors of the *cestui que trust* may thus
reach the property itself, or its income or increase, it
must of necessity follow that, if their claims are large
enough, the whole estate might be taken, and the pur-
pose and object of the testator in creating the trust be
defeated.   The trust could not be executed, as the
trustees would be deprived of the means of carrying
out the testator's intention.   It is certain that the tes-
tator endeavored to provide against just such an
emergency as has arisen in this case.   He intended to
place the property and its income beyond the reach of
the *cestui que trust* to squander.   This he had a perfect
right to do.   He was disposing of his bounty without
any valuable consideration, and we know of no rule
of public policy or sound morals being violated by a
proper attempt to provide against the misfortune or
improvidence of the object of his bounty.   No creditor
can complain, as it could hardly be claimed that credit
was, in such a case, extended on the faith of property
held by the *cestui que trust*, when the legal title was not
in her.   As was well said by MORTON, C. J., in *Bank v.
Adams*, 133 Mass. 170: "Under our system, creditors
may reach all the property of the debtor not exempt by
law, but they can not enlarge the gift of the founder of
a trust, and take more than he has given."   This
language was used in a case where property was con-
veyed in trust, with a condition that the income should
not be alienated by the beneficiary by anticipation, or be
subject to be taken by his creditors, although there was
no limitation over of the estate on the happening of such

an event. Justice MILLER, in *Nichols v. Eaton*, 91 U. S. 716, said: "No case is cited, none is known to us, which goes so far as to hold that an absolute discretion in the trustee—a discretion which, by the express language of the will, he is under no obligation to exercise in favor of the bankrupt—confers such an interest on the latter that he or his assignee in bankruptcy can successfully assert it in a court of equity, or any other court." The doctrine announced is fully supported by the authorities. *Rife v. Geyer*, 59 Pa. St. 393; *White's Ex'rs v. White*, 30 Vt. 338; *Leavitt v. Breirne*, 21 Conn. 1; *Pope's Ex'rs v. Elliott*, 8 B. Mon. 56; *Smith v. Towers*, 69 Md. 77; 14 Atl. Rep. 497, and 15 Atl. Rep. 92; *Barnes v. Dow*, 59 Vt. 530; 10 Atl. Rep. 261; *Beck's Estate*, 133 Pa. St. 51; 19 Atl. Rep. 302; Drake, Attachment, section 454. It is the settled rule of law that the creditor's situation with reference to the fund is the same as Ada Blanche Wilde's would be if she was suing the trustees; that is, the creditor has no better right to it, as against the trustees, than the beneficiary has. Tested by this rule, how can it be successfully claimed that the creditor can hold the garnishee liable? Mrs. Briggs could not maintain an action against the trustees for any part of this property. They are clothed with a certain discretion, vested in them by the terms of the will; and certainly no court would, under such circumstances, compel the trustees, while the trust was alive, to violate its terms, and convey or turn over the property to the beneficiary. Nothing is due the *cestui que trust*. The trustees have not as yet, under the discretion vested in them, seen fit to turn over the property to her. That discretion, wisely, as we think, vested in the trustees, can not ordinarily be controlled by the courts. To hold this trustee subject to plaintiff's garnishment is to subvert the very purposes of the trust, and invade the domain where the testator's will, being in conformity to the law, is supreme.

·The testator was not compelled to so dispose of his estate to his daughter as that creditors might reap the benefits of it, instead of its being preserved to the object of his bounty. They are presumed to know the contents and legal effect of the will, and it can not for a moment be conceded that they were misled into extending credit under a well-founded belief that Mrs. Briggs held the legal title to the property. As the right of the *cestui que trust*, against the trustee, to recover the property, is the measure of the rights of the creditor as against the property in the hands of the garnishee, and as the *cestui que trust* has no right to the property which she can enforce, it follows that the action of the court below was proper, and its judgment is AFFIRMED.