Agnes Ross and Alice Ross, by their next friend, C. E. Ross, v. A. J. Ayrhart, John Orr and Tony Orr, Defendants, and T. R. Williams and M. E. Williams, Defendants and Appellants.

**Wills:** RULE OF CONSTRUCTION. An unambiguous devise of a vested
1  interest will not be limited or rendered contingent by a subsequent provision of the will inconsistent therewith, unless the language of the will absolutely requires such construction.

**Same.** The law will construe a will, if possible, so that the interests
2  passing thereunder will become vested upon the death of the testator; and provisions for postponement of division will be regarded as affecting the time of enjoyment, rather than the extent of the interest devised.

**Same.** A will should be construed if possible so as to prevent in-
3  testacy of any part of the property.

**Wills:** VESTED INTERESTS: CONVEYANCE. Under the forgoing rules a
4  devise of all the property of every description of which testator died seised and possessed, after payment of debts, etc., is held to have created a vested interest at the time of his death, notwithstanding a further provision that the donees should receive no interest in or right thereto until the youngest arrived at twenty-one years of age; and a conveyance by one of the devisees of her interest in the estate after the death of the testator and prior to the majority of all the others passed the title thereto.

*Appeal from Carroll District Court.*—Hon. Z. A. Church, Judge.

Wednesday, April 8, 1908.

Action for partition, involving the title of plaintiffs to a share in property of which defendant T. R. Williams claims to be the sole owner in fee. There was a decree for plaintiffs establishing their right to an undivided one-ninth of the property, and ordering a sale thereof for the purpose of making partition. The defendants T. R. Williams and M. E. Williams, his wife, appeal.— *Reversed.*

　　*Lee & Robb,* for appellants.

　　*George W. Paine* and *E. A. Wissler,* for appellees.

McClain, J.— In September, 1896, one David H. Orr executed his will which, after his death, was duly probated in October, 1897. The provisions of the will so far as material to this controversy were as follows:

Second. To my sons John Orr and Tony Orr, I give each the sum of two hundred dollars, to be paid to them at the time my son Tony becomes 21 years of age.

Third. All the remainder of my property left after the payment of my debts and the legacies named in paragraph two hereof, I give, devise and bequeath to my daughter Myrtle Orr Bell, and to my said sons John Orr and Tony Orr, giving and granting to them all the property of every description of which I may die seised and possessed that may be left after the payment of the debts, expenses of administration and the legacies named in paragraph two hereof, giving and granting said property to my said children share and share alike. It is the condition however, that no part of my said property shall be delivered or paid to my said children until the time when my said son Tony becomes twenty-one years of age. That until that time all of my property shall be held and controlled by my executor, and my said children shall receive no interest therein and no right thereto until the time when my youngest son arrives at twenty-one years of age.

And should either of my said children die before I do, then the share of such one shall go to the survivors of my said children, and in that case such survivors will be entitled to receive my property hereby devised to them at the time when the youngest of such survivors arrives at the age of twenty-one years.

From an agreed statement of facts it appears that testator's three children named as devisees survived him, and that his daughter Myrtle Orr Bell, who subsequently by marriage became Myrtle Orr Ross (her then husband, C. E. Ross, joining) in March, 1901, conveyed by warranty deed to defendant Ayrhart, for a full and fair consideration to her paid, the undivided one-third of the land in controversy which belonged to testator at the time of his death, and that subsequently, by conveyance from said Ayrhart, the one-third interest thus attempted to be conveyed was transferred by said Ayrhart to the defendant T. R. Williams by quit-claim deed, and that said Williams has by conveyance from defendants John Orr and Tony Orr become the owner of their interests respectively in said property; that Myrtle Orr Ross died intestate in August, 1904, leaving surviving her children, Agnes Ross and Alice Ross, plaintiffs in this action, and her husband, C. E. Ross; and that defendant Tony Orr arrived at the age of twenty-one years in September, 1906.

The claim of plaintiffs is, in brief, that the conveyance by their mother to Ayrhart of a one-third interest in the property was invalid and passed no title thereto, for the reason that she had no vested interest in said property at the time of her conveyance, and acquired no interest therein during her lifetime, and that her death prior to the time Tony Orr came of age terminated any contingent interest which she had under the will, so that the one-third which would have come to her had she survived until the time when Tony Orr came of age was not disposed of under the will and passed by descent to the heirs of the testator so that plaintiffs, as heirs of their mother, are entitled to one-third of such one-

third interest in the property. The contention for defendant Williams is that, on the death of the testator, Myrtle Orr Ross became vested with a one-third interest which passed by conveyance to Ayrhart and that no interest in the property remained undisposed of by the will so that it could descend to the plaintiffs as the heirs of said testator.

The sole question for determination, then is whether under the terms of the will the devisees named therein acquired vested interests, the enjoyment of which only was postponed until Tony Orr should come of age, or whether their interests were contingent on their surviving until the happening of that event. Were it not for the clause providing that " my said children shall receive no interest therein and no right thereto until the time when my youngest son arrives at twenty-one years of age," the will would be perfectly plain and unambiguous, and capable of no other construction than that on the death of the testator the three devisees named, all of whom survived at that time, became vested each with a one-third interest. The last sentence of the will is to be disregarded for present purposes, as it relates to a contingency which did not happen, to-wit, the death of one of the devisees before the death of the testator, and there was no indication that this condition was to be given any application in the distribution of the property should such an event not occur. The devise of $200 each to the two sons is not contingent on their surviving until the younger became twenty-one years of age, but the payment of the amount of such devises is simply postponed until that time. The devises of a one-third interest each to the three children in the remainder of the property is likewise unconditional with a postponement only of delivery or payment until the younger son becomes of age, unless such devises are rendered contingent by the clause last above quoted. There are three reasons which, as we think, should be given controlling weight in negativing a construction which would render the devises to the three children of shares in the property contingent on

their surviving until after the younger son became of age. The first is that a plain and unambiguous devise of a vested interest should not be limited or rendered contingent by a subsequent provision inconsistent therewith, unless the language of the will taken as a whole absolutely requires such construction. *Tarbell v. Smith,* 125 Iowa, 388; *Meyer v. Weiler,* 121 Iowa, 51; *Hambel v. Hambel,* 109 Iowa, 459; *Steiff v. Seibert,* 128 Iowa, 746. The second reason is that the law favors vested rather than contingent devises, and will so construe a will, if possible, that the interests passing thereunder become vested on the death of the testator, and provisions as to postponement of distribution or payment are to be regarded as affecting the time of enjoyment rather than the extent of the interest devised. *Jonas v. Weires,* 134 Iowa, 47; *Archer v. Jacobs,* 125 Iowa, 467; *Shafer v. Tereso,* 133 Iowa, 342; *Taylor v. Taylor,* 118 Iowa, 407; *Haviland v. Haviland,* 130 Iowa, 611. The third reason is that a will should be so construed, if possible, as to prevent intestacy as to any portion of the property of the testator. *Shafer v. Tereso,* 133 Iowa, 342; *Hayward v. Loper,* 147 Ill. 41 (35 N. E. 225).

It is to be noticed that the devises in this will are not to such of the children of testator as are living when the younger son comes of age, but they are absolute, taking effect at the death of the testator, unless the clause providing that the children named shall receive no interest in the property and no right thereto until that time is to be given effect as negativing all the other provisions and introducing a wholly different rule than that indicated by the language of the will taken as a whole. Under these circumstances we feel justified in interpreting this clause as having reference to the enjoyment of the interest devised rather than to the time of vesting of such interest. By this clause testator no doubt intended to prevent the alienation of this interest until the time specified, but it was not within his power to create an interest which should vest on his death, and at the same time

restrict the alienation thereof. Such provision would be repugnant.

Reaching the conclusion that, construing the will as a whole, the interest of Myrtle Orr Ross became vested at testator's death, we hold that her conveyance to Ayrhart of such interest was effectual, and that nothing was left of testator's property to descend to her heirs by way of remainder when the younger son came of age.

The judgment of the trial court is therefore *reversed.*