JOHN G. R. WOHLGEMUTH et al., Appellees, v. DES MOINES NATIONAL BANK et al., Appellants.

**WILLS:** **Vested or Contingent Estates—Nonvested Interest.** No *present vested* interest is created by a 20-year trust devise of real estate for the benefit of testator's named children, when the devise:

1. Positively prohibits any sale during the trust period;

2. Provides for a sale by the trustees *after* said 20 years, on the written request of a majority "of my children *then* living," and for a division of the proceeds "among my *said* children or their heirs;" and

3. Provides that, in case there be no sale by the trustees, the title, on the expiration of said 20 years, shall vest at once "in my said children or their heirs."

Headnote 1: 40 Cyc. p. 1777.

*Appeal from Polk District Court.*—JAMES C. HUME, Judge.

MARCH 13, 1923.

REHEARING DENIED FEBRUARY 20, 1925.

ACTION in equity, to compel the specific performance of a contract for the purchase of real estate. A demurrer to plaintiffs' petition was overruled, and the defendant the Des Moines National Bank appeals.—*Reversed.*

*Carr, Carr & Cox*, for appellant Des Moines National Bank.

*John B. Sullivan*, for appellant Phillip Kirch, Jr.

*Miller, Kelly, Shuttleworth & McManus* and *Sam Abramson*, for appellees.

*H. P. Daly*, for trustees.

STEVENS, J.—Richard Wohlgemuth died testate in Polk County, Iowa, and on March 24, 1915, his last will and testament was admitted to probate by the district court of said county. So far as material to this controversy, the provisions of the will are as follows:

"Third. I give and devise to Frank Schlampp and John G. R. Wohlgemuth, as trustees, to hold in trust for the benefit of my children, Catherine M. S. Seiberlich, Elizabeth M. C. Loepfe, Caroline M. C. Schlampp, John G. R. Wohlgemuth and Magdalena M. E. Wohlgemuth, the following described real estate situated in Polk County, Iowa, to wit:

"The east twenty-two (22) feet of the west two thirds (2/3) of Lots One and Two (1 and 2) in Block Fourteen (14) of the original town of Fort Des Moines, now a part of the city of Des Moines, Iowa, and I will and direct that said real estate shall not be sold for a period of twenty years from the date of my decease, and that the same shall remain intact and undisposed of until the expiration of the said period of twenty years, and I hereby strictly enjoin and prohibit said trustees or their successors from selling or disposing of said real estate during the said period of twenty years, but they shall collect the rents and income from said property and distribute the same among my said children equally except as hereinafter stated, or they may, if deemed advisable, apply the rents and income of said property to the payment of the mortgages now thereon; * * * and at the expiration of the said twenty years from my decease, they may sell said property, if requested so to do in writing by a majority of my children then living, and the proceeds derived therefrom shall be equally divided among my said children, and if any of them shall be deceased, his or her share thereof shall go to his or her heirs, * * *.

"Fourth. It is my will and I so direct that in case said real estate mentioned in the third clause of this my will is not sold by the trustees at the expiration of twenty years from the date of my decease, as therein provided, then the fee-simple title to said real estate shall vest at once in my said children or their heirs, and the said trust estate shall cease and terminate. * * * *"

The trustees named in the will duly qualified, and on or about August 26, 1922, leased the property described, for a period from said date to the expiration of the term of the trust. Later, the lessee of this lease sold and assigned his interest therein to appellant. On January 13, 1920, all of the beneficiaries named in the will entered into a written contract with appellant, agreeing to sell said real estate to it, subject only to the outstanding interest of the trustees. Appellant, being uncertain as to the right and authority of the beneficiaries named in the will to convey a good title, refused to accept the deed tendered by them. Thereupon, this action for a specific performance of the contract was instituted. The issues before this court involve only the controversy between the designated beneficiaries and the Des Moines National Bank.

The sole question, therefore, for decision is: Did the five children of the testator named as beneficiaries take a vested interest in the property in controversy, or was the devise to them conditional upon their surviving the period during which title to the property was to rest in the trustees, and they were to manage and control the same? It will be observed that the devise is to the trustees, for the use and benefit of the beneficiaries named, and not to appellees. No authority is given the trustees to sell the property, except at the expiration of 20 years, at which time they are authorized to sell it, but only upon the request of a majority of the beneficiaries named, then living. If the estate vested immediately in the designated beneficiaries, all of whom were adults, they had the right of alienation. *Olsen v. Youngerman,* 136 Iowa 404. If, on the other hand, title did not vest, but the vesting was made contingent upon the survivorship of the beneficiaries of the trust period, then no right of alienation existed. *Fulton v. Fulton,* 179 Iowa 948.

It will further be observed that the trustees are directed to collect the rents and income from the property and distribute

the same among the beneficiaries, with a further provision for the payment of incumbrances on the real estate, and to repair or reconstruct the buildings on the premises, in case of the destruction thereof. The direction of the testator is, in case the property is sold by the trustees after 20 years, upon the written request of a majority of the living beneficiaries, to divide the proceeds derived from such sale among the beneficiaries named; but if any one or more of them shall then be deceased, to distribute such share as would have been paid to such deceased child or children, if living, to his or her heirs. If, however, the property has not been sold by the trustees under the provisions and authority of the will, the fee-simple title to said real estate shall vest at once in the beneficiaries named, or in their heirs, should any of them not then be living. The intention of the testator to prevent the alienation of the property, and to preserve the same for the use and benefit of his children named, under the management and control of trustees, for 20 years, is, of course, clearly expressed in the will. It is equally clear that he desired that substitution be made to the heirs of a child or children deceased at the expiration of the trust, of the amount that would otherwise have gone to such child or children, if then living.

The right of the testator to suspend the power of alienation for a limited time cannot be doubted. *Fulton v. Fulton*, supra. The rule familiar to all that the law favors the vesting of estates cannot prevail over the clearly expressed intention of the testator to the contrary. It seems to us that such is the clearly expressed intention of the testator in this case. He strictly enjoined the trustees not to alienate the property until the time fixed in the will, and it is obvious that he did not contemplate the termination of the active trust by any act of the beneficiaries. To sustain a sale of the property by appellees at this time would defeat, and not give effect to, the testator's intention. Of course, if, under the recognized rules of the common law, the estate vested immediately in appellees, then they have the right of alienation, and the court is powerless to carry out the testator's wishes. Effect should be given to the intention of the testator, unless to do so would contravene some applicable rule or principle of the common law. The question is one of construction.

It is true that the property was devised to trustees for the use and benefit of the children of testator, and that, under the well recognized general rule, this is a circumstance favorable to immediate vesting of the title; but this circumstance must, like all others, give way to the clearly expressed contrary intention of the testator. Full effect can be given to all of the language of the will, and to what seems to us the clearly expressed intention of the testator, only by holding that the title did not immediately vest in appellees, but that the vesting thereof is contingent upon their surviving the trust period. This conclusion is supported by the following cases: *Fulton v. Fulton,* supra; *Taylor v. Taylor,* 118 Iowa 407; *Baker v. Hibbs,* 167 Iowa 174; *Birdsall v. Birdsall,* 157 Iowa 363; *Horner v. Haase,* 177 Iowa 115; *Olsen v. Youngerman,* supra; *Wilhelm v. Calder,* 102 Iowa 342; and *Atchison v. Francis,* 182 Iowa 37.

It is unnecessary to enter upon a discussion of the familiar rules of the common law, or to review the prior decisions of this court. The judgment and decree of the court below is, accordingly,—*Reversed.*

PRESTON, C. J., and FAVILLE and DE GRAFF, JJ., concur.