FOREST G. DICKERSON, Appellant, v. ISABELLE MORSE et al., Appellees.

**WILLS: Estates Conveyed—Remainder Subject to Precedent Trust.** A
1  devise which specifically provides that a remainder in fee (otherwise vested) shall be subject to a precedent trust for a named period for the benefit of the remainderman, works the effect of withholding from the remainderman the power to convey the property until the trust is terminated.

**REMAINDERS: Vested (?) or Contingent (?)—Uncertainty As to**
2  **Amount of Interest.** A devise otherwise vested is not rendered contingent because of the fact that it is uncertain whether the remainderman will, under one possibility, take all the property, or, under another possibility, will take only two thirds of the property.

**Headnote 1:** 40 Cyc. p. 1679.   **Headnote 2:** 40 Cyc. p. 1665 (Anno.)

*Appeal from Marion District Court.*—J. H. APPLEGATE, Judge.

MARCH 10, 1925.

REHEARING DENIED JUNE 25, 1925.

ACTION in equity, to rescind a contract of purchase of land because of an alleged defect of title. A demurrer to the petition was sustained. From a resulting judgment against plaintiff for costs, he appeals.—*Reversed and remanded.*

*Johnson & Teter,* for appellant.

*Johnston & Shinn,* for appellees.

VERMILION, J.—The petition is in equity, and alleges that

the plaintiff agreed to purchase a certain described 80-acre tract of land from the defendants, and in the contract of purchase the defendants agreed to furnish plaintiff an abstract showing good and merchantable title; that defendants delivered possession of the premises to plaintiff, and assured him that they had a good title, and would furnish him an abstract showing good and merchantable title; that, relying thereon, plaintiff accepted the warranty deed of the defendants, paid part of the purchase price, and executed his note, secured by mortgage, to the defendant Isabelle Morse, for the balance; that the defendants held title to such land under and by virtue of the will of Charles A. Morse, whereby the testator gave to the defendant Isabelle Morse a life estate therein, with remainder to the defendant William Arthur Morse, subject to a trust provided for in the will; that defendants had no title to the real estate which they could convey to plaintiff; and that the abstract furnished by defendants to plaintiff did not show good and merchantable title. The plaintiff, in effect, asks a rescission of the contract.

1. WILLS: estates conveyed: remainder subject to precedent trust.

The will in question is set out. It gives to Isabelle Morse, the widow of the testator, the land in question, with other land, "to have, hold and use with all the rents, income and profits arising therefrom, for her sole use, benefit, and pleasure during the term of her natural life, or so long as she remains my widow, and in case of her marriage, then in that event, the one third of said property * * * shall be her sole and absolute property, and the remaining two thirds thereof to be held in trust as hereinafter directed for my son, William Arthur Morse * * *." The next paragraph of the will is as follows:

"I give, will, devise and bequeath to my beloved son, William Arthur Morse, the following real property [describing the land in question], to be his sole and absolute property, subject, however, to the said life estate of my said wife, or the termination thereof by her marriage, as herein directed in the event of her marriage, and also subject to the trust hereinafter created and directed. That is to say, I hereby will and direct that at the termination of the life estate of my said wife, by her death, that the said next above described 80-acre tract of real property, together with all the rents, income and profits arising there-

from shall be held in trust for a period of five years thereafter for my said son, William Arthur Morse, or at the termination of the terminable estate of my said wife in the said property by her marriage, that the two thirds of the said next above described 80-acre tract, together with all rents, income and profits arising therefrom shall be held in trust for a period of six years thereafter for my said son; and that if by reason of the marriage of my said wife it becomes necessary to partition the said tract of land by legal proceedings, or otherwise, and the court determines that a sale and not a partition in kind is advisable and for the best interest; then, in that event I will and direct that the proceeds of the sale of the said two thirds thereof together with the interest, income and profits arising therefrom be held in trust for my said son for the said period of six years.''

The will provides for the appointment by the court of a trustee, to carry out its provisions. To the petition, a general equitable demurrer was sustained.

Two questions are presented in argument. (1) Was the remainder to William Arthur Morse a vested or a contingent remainder? (2) Did the trust created by the will operate to prevent the conveyance by the life tenant and the remainderman from passing a good title?

'' 'A vested remainder, whereby the estate passes by the conveyance, but the possession and enjoyment are postponed until the particular estate is determined, is where the estate is invariably fixed to remain to certain determinate persons. Contingent remainders are where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event, so that the particular estate may be determined and the remainder never take effect.' '' *Fulton v. Fulton,* 179 Iowa 948.

2. REMAINDERS: vested (?) or contingent (?): uncertainty as to amount of interest.

''If the gift is immediate, though its enjoyment be postponed, it is vested; but if it is future, and is dependent on some dubious circumstance, through which it may be defeated, then it is contingent.'' *Taylor v. Taylor,* 118 Iowa 407; *Horner v. Haase,* 177 Iowa 115.

If the provision for the creation of the trust be left out of view, there can be no doubt that the devise creates a vested

remainder in the son. It would give simply a life estate to the widow, with remainder over to a person certain, depending only on whether the first estate is one for life or years. The event, the termination of the precedent estate, is certain to occur,—if not by the remarriage of the widow, then by her death. It is also certain that the son will take the fee in all or a portion of the land, depending on whether the particular estate is terminated by the death or the remarriage of the widow. There is no contingency that can prevent the taking effect in possession of the remainder in fee, in one or both of those to whom it is given by the will. The only uncertainty is whether the son will take all the land, on the termination of the particular estate by the death of the life tenant, or he two thirds, and the widow one third, on the termination of the particular estate by her remarriage. The amount or portion of the land going to the son may be diminished; but the character of his interest or estate is the same. An uncertainty as to the quantity or value of the interest given in remainder does not make the remainder contingent. *Jonas v. Weires*, 134 Iowa 47. The devise is not to the son in case he survives his mother, or is living at her remarriage or at the termination of the trust. The devise of the remainder after the termination of the particular estate is to the son, to be his "sole and absolute property," subject to the trust. No disposition is made of the estate in case of his death before the termination of the trust. He may die before coming into the actual possession of the remainder; but that is a contingency attaching to all remainders.

"It is not the certainty of possession or enjoyment which distinguishes the vested remainder, but the certainty of the right to future enjoyment if the remainderman lives until the life tenancy terminates." *Lingo v. Smith*, 174 Iowa 461.

If the widow should remarry, and the son take two thirds, she would take the remaining one third. There is no other person who can by any possibility take any interest. So far as relates to the certainty of the person who will take, and the certainty of the event upon the happening of which he takes, the remainder is vested, rather than contingent. This being so, William Arthur Morse took a vested, and therefore an alienable, interest in the land, unless the direction in the will that the land

and the income therefrom be held in trust for five years following the death of the widow, or for six years following her remarriage, operates to suspend the power of alienation; and that depends upon whether the estate in remainder vested on the death of the testator, or only on the termination of the trust. It was not in the power of the testator "to create an interest which should vest on his death, and at the same time restrict the alienation thereof. Such provision would be repugnant." *Ross v. Ayrhart,* 138 Iowa 117; *Davidson v. Auwerda,* 192 Iowa 1338, and cases cited. But he had the right to suspend the power of alienation for a limited time, and might do so by the creation of an estate that should not vest in the donee until on the termination of a trust for a limited time. *Wohlgemuth v. Des Moines Nat. Bank,* 199 Iowa 649.

It has been often said that the law favors the vesting of estates, and that words of seeming condition or postponement are, if possible, to be construed as postponing the time of enjoyment, rather than the vesting of the estate; that, if it is doubtful whether words of contingency or condition apply to the gift itself or to the time of its enjoyment, they are to be construed as applying to the latter; and that the intent to postpone the vesting of the estate must be clear and manifest. *Lingo v. Smith,* supra; *Shafer v. Tereso,* 133 Iowa 342; *Wohlgemuth v. Des Moines Nat. Bank,* supra; *Taylor v. Taylor,* supra; *Jonas v. Weires,* supra; *Atchison v. Francis,* 182 Iowa 37. It is also to be recognized that the failure to make provision for the disposition of the remainder, if the son should die before the termination of the trust, is a circumstance entitled to weight, as indicating that the condition is not precedent to the vesting of the estate. *Schrader v. Schrader,* 158 Iowa 85.

The fundamental rule for the construction of wills, however, is that the intention of the testator, as gathered from the whole instrument, is to be carried out, unless to do so will violate some rule of law. Rules of construction are designed to aid in determining the intention of the testator, as found in the will; but, when that intention has been clearly expressed, and does no violence to established rules of law, arbitrary and technical rules of construction cannot defeat it. *Richards v. Richards,* 155 Iowa 394; *Wohlgemuth v. Des Moines Nat. Bank,* supra.

There is, it is true, no express prohibition against the alienation of the land prior to the expiration of the trust. But, as said in *Meek v. Briggs,* 87 Iowa 610:

" 'If it appears from the will that it was the intent of the testator that the beneficiary should have nothing that she could dispose of, it will be as effectual to protect the trust as if there was an express clause against alienation.' "

While in that respect the case is not so strong as *Wohlgemuth v. Des Moines Nat. Bank,* supra, and the will lacks something of the clear direction found in that considered in *Meek v. Briggs,* supra, we think, nevertheless, that these cases are controlling.

The intention that the land, after the termination of the precedent estate, is to be held in trust for the prescribed period, and that during that time the son is to derive no benefit from it, is, we think, clearly expressed. The very devise itself is subject to the trust. In that respect, the case is to be distinguished from *Ross v. Ayrhart,* supra, where, after an absolute devise, the testator provided that the property should not be delivered to the devisees until the youngest was 21 years old; and it was held that the estate vested, and that only the enjoyment of it was postponed. The same distinction is to be noted in *Alden v. Meling,* 185 Iowa 394, where it was also held that a fee vested. Here, not only is the devise expressly subject to the trust, but the provision creating the trust is that the land, "together with all the rents, income and profits arising therefrom, shall be held in trust" for the given period; and that, in case it becomes necessary to sell the property as a result of partition proceedings, following the marriage of the life tenant and her consequent taking of two thirds in fee, the proceeds are to be held in trust for six years. We think the provision that the property should be "held in trust" has relation to more than the mere possession and enjoyment, and refers to the title. If, as pointed out in *Meek v. Briggs,* supra, the remainder vested in the son on the death of the testator, and he has the absolute right of disposal of it at any time he sees fit, the intention of the testator that the property and income shall be held in trust is set aside, and he might as well have given the property to the son absolutely, without creating the trust, because the provision may be

disregarded and rendered ineffective at any moment by the beneficiary. As there said:

"The only way effect can be given to the manifest intent of the testator is to hold that the will creates a trust, and that the trustees take the legal title for the use and purposes provided in the will."

We conclude that, while the remainder was not contingent, in the sense that the son's right to take was uncertain, or might be defeated, yet it would not, under the will, vest in him until the expiration of the trust period. Until that time, the estate would vest in the trustees to be appointed by the court in pursuance of the direction in the will. *Meek v. Briggs,* supra. The son could not by his conveyance nullify the clearly expressed intent of the testator, or destroy the trust.

It follows that his conveyance did not transmit to appellant a good title, and that the demurrer should have been overruled. The case is—*Reversed and remanded.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.