NIOTA MAY JONES et al., Appellants, v. CORA L. COON et al., Appellees.

No. 45406.

DECEMBER 10, 1940.

Stipp, Perry, Bannister & Starzinger and J. G. Myerly, for appellants.

Holliday & Myers, I. H. Tomlinson, and Gamble, Read, Howland & Rosenfield, for appellees.

OLIVER, J.—In 1929, a judgment was secured against Cora L. Coon. In 1934, William F. Cronk, father of Cora L. Coon, made a will containing a testamentary trust in which Cora L. Coon was a beneficiary. William F. Cronk died in 1938, the probate of his estate has been closed, and Bankers Trust Company is acting as trustee of said trust. Plaintiff-appellants, as alleged owners of the judgment against Cora L. Coon, instituted this action in equity against said judgment debtor and Bankers Trust Company, trustee, to subject to said judgment the interest of Cora L. Coon in said trust. The trial court denied the relief prayed and dismissed the petition and plaintiffs have appealed.

The will of William F. Cronk, in part, provides:

"Third: I give, devise and bequeath all the rest and residue of my estate, real, personal and mixed, * * * to the Bankers Trust Co. of Des Moines, Iowa * * * as trustee, hereunder in trust, upon the following terms, trust and conditions.".

(1) Gives the trustee general discretionary power and authority to handle, sell, invest and re-invest the trust estate.

(2) Provides for a trust period of 15 years which may be terminated after 10 years upon request of the four children and may be extended up to 20 years "in the manner hereinafter provided."

(3) Provides that the income and principal of the trust estate shall be distributed as follows: "The trustee shall divide the same into four equal shares, but said shares may be of undivided interests."

* * *

"c. One share for my daughter Cora L. Coon, and to her children, subject to the limitations hereinafter provided."

a, b and e refer to shares for decedent's other three living children, Nellie May Adams, Mary Amanda Lewis, and Anson M. Cronk.

(4 and 5) Provide that the lineal descendants of any child dying prior to the termination of the trust shall take in lieu of said child. If no lineal descendants survive, such share shall be divided among the other shares.

"(6) Upon the termination of said trust period as heretofore designated, the said trustee shall convey, transfer and assign one of such shares to each of my said children, or, in the case of the death of any one of my said children, then to his or her lineal descendants, per stirpes and not per capita, and said trust shall thereupon be terminated. It is particularly understood, however, that it is my intention that the trustee need not sell any of the property held by it as a part of said trust but may distribute the same as above provided and such distribution may be made of undivided interests."

(7 and 8) Provide for the compensation of the trustee and method of computing net income.

(9) The application of net income shall be as follows:

a. $25 per year for ten years to a church.

b. Requires trustee to set up and maintain an emergency fund of $1,000 out of funds on hand or income, for use "for any purpose which it deems for the best interests of the said estate."

"c. During the trust period herein specified the trustee shall pay the residue and remainder of the net income in equal parts, to, and for the benefit of the surviving children, or in case of the decease of any child to his or her living lineal descendants per stirpes and not per capita. Such payments shall be made quarterly on January 1st, April 1, and July 1 and October 1.

"(10) Each and every payment of principal or income, and each and every delivery of any property of any kind which may be paid to Mary Amanda Lewis, or to Cora L. Coon, or to Anson M. Cronk, shall be payable and transferable,

and shall be paid and transferred only to the said Mary Amanda Lewis, and the said Cora L. Coon and the said Anson Cronk personally and the same shall not be payable to, or transferable to any other person, by reason of any assignment or transfer by operation of law or otherwise, of any supposed possible right of the said Mary Amanda Lewis, or the said Cora L. Coon, or the said Anson M. Cronk, to receive the same and in the event that the said Mary Amanda Lewis or Cora L. Coon or Anson M. Cronk shall by operation of law, or by reason of any act of his or hers, be barred or prohibited from receiving the payment of any installment of money, or any transfer of property, and applying the same to his or her use, or if the money paid, or property transferred to him or her would be subject to any liens of judgments or liable for his or her debts at the time unpaid, then such payment of money or transfer of property shall not be made to him or her but shall be payable or transferable to my eldest grandson, or the Court may appoint my granddaughter Mrs. Gwendolyn Lofquist, which money so paid to my eldest grandson or granddaughter, shall be applied to the care, board and clothing of my said children respectively, as far as may be proper or necessary in the judgment of trustee, and in case of the said shares of Mary Amanda Lewis, Cora L. Coon and Anson M. Cronk cannot be paid to him or her without being subject to liens and debts at the time unpaid, then upon the death of each or 21 years after my decease, if the time should first elapse, trustee shall pay, transfer, assign and deliver his or her shares or so much thereof as may remain in the hands of trustee to his or her children per stirpes and not per capita.''

In construing provisions of a will the end sought is the ascertainment of the expressed intent of the testator. Each portion should be construed, not as standing alone, but as related to all other provisions so that the intent of the testator may be gathered from the entire instrument. If not in contravention to some established rule of law or public policy such intent will be carried into effect. Dickerson v. Morse, 200 Iowa 115, 202 N. W. 601.

The provisions of the testamentary trust leave no doubt of the intent of the donor (testator). In addition to restraining

the voluntary and involuntary transfer (or attempted transfer) of the right of Cora L. Coon to the income and principal, during the trust period, and providing for the loss of such right, it provides (1) that any payment of income which may not, by reason thereof, be made to her, shall be made to a grandchild and applied to Cora's care, board and clothing "so far as may be proper or necessary in the judgment of trustee"; and (2) that at the end of the trust period, the share of the principal shall be transferred to her, only if she survives and if it will not be subject to her liens and debts at the time unpaid. Unless she survives the termination of the trust and attains this financial status prior to 21 years from testator's death she will not be entitled to a transfer of the principal and the trustee is required to transfer it to her children (to be theirs absolutely).

Appellants complain:

"The court erred in holding that the testator had the right to place his property in trust for a beneficiary who is to receive the income thereof for a period, with the provision that if during and at the end of that period the beneficiary is a suitable person under the conditions of the will, one condition being, that the beneficiary's interest is not subject to judgment liens, then the beneficiary to have the income and the property; but if the beneficiary, by reason of debt, cannot receive the income and property personally, then the trustee shall turn the property to a second beneficiary or for a second purpose."

It is appellants' contention that Cora L. Coon received a vested estate on the death of testator and that any restraint against its alienation is unlawful and void. Appellants would sustain this position largely on the authority of cases such as McCleary v. Ellis, 54 Iowa 311, 6 N. W. 571, 37 Am. Rep. 205; McCormick Harvesting Machine Co. v. Gates, 75 Iowa 343, 39 N. W. 657; Teaney v. Mains, 113 Iowa 53, 84 N. W. 953, and cases therein cited; Davidson v. Auwerda, 192 Iowa 1338, 186 N. W. 406; Ogle v. Burmister, 146 Iowa 33, 124 N. W. 758. Without detailed discussion it may be said that in these cases the fee, possession and control passed immediately to the grantee or devisee. Most of them specifically note that there is no trust involved which might affect the vesting.

But where the estate passes to trustees in the form of an active trust for a term of years, to be distributed at its termination among those living or the heirs of those deceased, and the instrument clearly expresses the intention that the estate is not to vest until such termination, the vesting thereof in the beneficiaries is contingent upon their surviving the trust period. Wohlgemuth v. Des Moines National Bank, 199 Iowa 649, 192 N. W. 248; and see Dickerson v. Morse, 200 Iowa 115, 202 N. W. 601.

In connection with this survivorship condition it should be noted that this court, after some wavering, has adopted the rule that a condition subsequent, as well as a condition precedent, may make a remainder contingent. Skelton v. Cross, 222 Iowa 262, 268 N. W. 499. However, the principal condition, to wit: that Cora L. Coon will not be eligible to take, unless at the time she is a suitable person (substantially solvent), is a condition precedent, and under any view of the law the estate will not vest in her unless and until such condition is satisfied.

Meek v. Briggs, 87 Iowa 610, 54 N. W. 456, 43 Am. St. Rep. 410; Kiffner v. Kiffner, 185 Iowa 1064, 171 N. W. 590; Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254; Funk v. Grulke, 204 Iowa 314, 213 N. W. 608; and Damhoff v. Shambaugh, 200 Iowa 1155, 206 N. W. 248, are some of the cases involving or discussing the validity of trusts with relation to restraints upon alienation and the rights of creditors of beneficiaries. Referring to the Iowa cases, Justice Stiger, speaking for the court in Standard Chemical Co. v. Weed, 226 Iowa 882, 884, 285 N. W. 175, states:

"The testator has the right to create a trust for the benefit of his son in a manner that would prevent his creditors from appropriating the benefaction. If, under the terms of a trust, the income is to be applied to the cestui que trust in the discretion of the trustee, * * * or the trust is for a special purpose, as for the support of the beneficiary or his family, or in general, where there is no debt due from the trustee to the cestui, under such circumstances, the beneficiary may enjoy his benefaction free from the appropriation of his creditors because he has received no vested or alienable right."

Some writers have criticized decisions approving spend-thrift trusts, but their objections are largely limited to such trusts as strictly or narrowly defined, viz: Those in which certain interests in property are given to a beneficiary of a trust which property he is entitled to enjoy unconditionally but which by the terms of the trust cannot be reached by his creditors or assigned or disposed of by the beneficiary. It should be noted that the courts have not always given this narrow meaning to the term and have frequently used it in a broader sense as including discretionary trusts, support trusts or trusts to apply.

The trust in the case at bar is not a spendthrift trust as strictly defined. It provides that any payment of income may be made only until attempted alienation, when the right thereto shall be lost and it becomes payable to a third person, to be applied to the care, board and clothing of Cora L. Coon, as far as may be proper or necessary in the judgment of trustee. Nichols v. Eaton, supra; Restatement of the Law of Trusts, section 150, subsection c. As stated in Standard Chemical Co. v. Weed, supra, if the income is to be applied to the beneficiary in the discretion of the trustee or for a particular purpose, such as for the support of the beneficiary, it is not subject to appropriation by creditors of the beneficiary.

We have already held that the interest of Cora L. Coon in the remainder, after the termination of the estate for years, was contingent. Therefore, the provision against its alienation was not invalid. The trust instrument does not attempt to forbid alienation of the principal estate (remainder) after it shall have vested. When it vests in the remainderman, whether in Cora L. Coon or another, it will do so without restraint.

The trial court properly held the trust estate could not be subjected to the claims of creditors of Cora L. Coon, and the decree dismissing the petition should be affirmed. It is unnecessary that we decide or consider other propositions presented by appellees.—Affirmed.

All Justices concur.